378 A.2d 921

**COMMONWEALTH of Pennsylvania**

v.

**Haddrick BYRD, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1976.

Decided Oct. 6, 1977.

Rehearing Denied Oct. 27, 1977.

Ellen Q. Suria, Bala Cynwyd, for appellant.

James C. Long, Jr., Assistant District Attorney, with him F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On October 30, 1974, a criminal complaint was filed against the appellant, charging him with robbery, aggravated assault, and other offenses. On September 18, 1975, the appellant was convicted of the charged offenses by a jury. The appellant now claims that he was not afforded a speedy trial under Rule 1100 because he was not brought to trial within 180 days from the date the criminal complaint was lodged against him. See Pa.R.Crim.P. 1100(a)(2).[1] The Commonwealth does not contest that it failed to bring the appellant to trial within the mandatory period, asserting instead that the appellant forfeited his right to a speedy trial under Rule 1100 by failing to comply with the requirements of Rule 1100(f). We agree with the Commonwealth's contention.

---

1. Pa.R.Crim.P. 1100(a)(2) provides that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974, shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

Rule 1100(f) requires an accused to file a petition *before trial* showing that the mandatory period has expired.[2] In the instant case, the court below, on August 25, 1975, commenced a hearing on the appellant's motion to suppress which had previously been reserved for the time of trial. On August 26, during the suppression hearing, the appellant applied to the court below for an order dismissing the charges against him, claiming a violation of his Rule 1100 right to a speedy trial. The lower court delayed the suppression hearing to enable the appellant to file the required written application to dismiss, *see* Rule 1100(f), which was denied on September 2, 1975. The question before us is whether the appellant's application to dismiss was timely filed under Rule 1100(f).

 The Comment to Rule 1100 advises that: "A trial commences when the trial judge determines that the parties are present and directs them to proceed for voir dire, or to opening argument, *or to the hearing of any motions which had been reserved for the time of trial,* or to the taking of testimony or to some other such first step in trial." (emphasis added) Although the comments to our procedural rules are not binding upon us, they often serve as effective aids in the interpretation of those rules. We find the Comment definition of trial commencement both persuasive and applicable in the instant situation.

 By adopting the Comment definition of trial commencement, we seek to establish some degree of uniformity and certainty in Rule 1100 interpretation. The dissent desires us to apply the Comment definition of trial commencement to cases involving subsections (a)(1) and (2) and not to cases involving subsection (f). We believe, however, that to do so would only increase the substantial amount of litiga-

2. Pa.R.Crim.P. 1100(f) provides that: "At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant."

tion and confusion already engendered by Rule 1100. Both parties to this appeal were aware of the provisions of the Rule and its Comment. Section (f) of the Rule unambiguously states that an accused may apply to the lower court for an order dismissing the charges only if such application is made prior to the commencement of trial, but after the expiration of the mandatory period. The time of trial commencement is clearly defined in the Comment to the Rule. We hold therefore that an accused forfeits the protection of Rule 1100 if he fails to assert his rights in the timely fashion required by the Rule. *See Commonwealth v. Matt,* 248 Pa.Super. 538, 375 A.2d 371 (1977). Since trial had already commenced when the appellant filed his petition to dismiss, the court below correctly denied the appellant's petition as untimely.

Appellant's counsel on appeal, in anticipation of our decision of the above issue, argues further that if appellant's trial counsel failed to file appellant's Rule 1100 motion to dismiss in timely fashion, then appellant's right to effective assistance of counsel was violated. We are constrained to agree with this argument.

The standard by which we determine a claim of ineffective assistance of counsel was set forth in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967): "[O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." Recently, in *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977), the Pennsylvania Supreme Court delineated the process by which we are to apply this reasonable basis standard, explaining that "[t]he initial factor which must be considered . . . is whether the claim which . . . counsel is charged with not pursuing had some reasonable basis." *Id.* 472 Pa. at 277, 372 A.2d at 695.[3]

**3.** Although the lower court did not address the merits of appellant's Rule 1100 claim, finding that appellant forfeited his ability to assert the claim, the issue itself was raised in post-verdict motions and

In the instant case, the appellant's claim that he was not brought to trial within the mandatory period is meritorious. As previously stated, the criminal complaint against the appellant was filed on October 30, 1974. Under Pa.R. Crim.P. 1100(a)(2), the Commonwealth had 180 days or until April 28, 1975, to bring the appellant to trial. Trial, however, did not commence until August 25, 1975, 299 days after the filing of the complaint. All periods of delay beyond the mandatory period, " '. . . must either be excluded from the computation [of the period, Pa.R.Crim.P. 1100(d)] or justified by an order granting an extension pursuant to the terms of the rule [Pa.R.Crim.P. 1100(c)], if the Commonwealth is to prevail.' " *Commonwealth v. Shelton*, 469 Pa. 8, 14, 364 A.2d 694, 697 (1976), *quoting Commonwealth v. O'Shea*, 465 Pa. 491, 495, 350 A.2d 872, 874 (1976).

Pa.R.Crim.P. 1100(d) provides that the period for commencement of trial shall be computed by excluding therefrom any delay which results from "(1) the unavailability of the defendant or his attorney; (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded." The record shows that the appellant was responsible for some delay in the court below. The case was continued from January 3, 1975, until January 29, 1975, because appellant's trial counsel was unavailable. Twenty-six days are thus excludable from the computation of the mandatory period. Pa.R.Crim.P. 1100(d)(1). The appellant was granted another continuance from January 29, 1975, until February 24, 1975, to allow newly appointed counsel to prepare. Since this continuance comprised less than thirty days, no time is excluded from the period. Pa.R.Crim.P. 1100(d)(2). The case was also continued on February 26, 1975, when the appellant was arrested in Philadelphia for murder. No further action was taken on the case until April 1, 1975. Even if we assume that the appellant was unavailable for trial during this period of

thereby preserved for appellate review. *Cf. Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Carter*, 463 Pa. 310, 344 A.2d 846 (1975).

time[4] and therefore exclude the entire thirty-four day delay from the prescribed period, it is clear that trial did not commence within the prescribed period. The mandatory period could be extended, at most, sixty days, or until June 27, 1975. Trial, of course, did not commence until August 25, 1975. Furthermore, the Commonwealth failed to file a petition for an extension of time within the prescribed period.[5]

■■ We can perceive no reasonable legal basis for an attorney to fail to object to a violation of his client's right to speedy trial under Pa.R.Crim.P. 1100. *See Commonwealth v. Bunch*, 466 Pa. 22, 351 A.2d 284 (1976) (dissenting opinion by Roberts, J.). If appellant's trial counsel has filed a timely petition to dismiss, the appellant would have been entitled to discharge. Although we are aware that by so finding, the appellant postliminiously regains rights which were previously declared forfeit, we are constrained to conclude that the appellant was deprived of effective assistance of counsel.

The judgment of sentence is reversed, and appellant is ordered discharged.

HOFFMAN, J., files a concurring opinion in which SPAETH, J., joins.

VAN der VOORT, J., files a dissenting opinion.

HOFFMAN, Judge, concurring:

By implication, the Commonwealth concedes that it did not bring appellant to trial in a timely fashion. However, it contends that appellant waived his Rule 1100 claim. Rule 1100, Pa.R.Crim.P., 19 P.S. Appendix. I disagree that coun-

---

4. The Comment to Pa.R.Crim.P. 1100 states that: "[T]he defendant should be deemed unavailable for any period of time during which . . . the defendant was absent under compulsory process requiring his appearance elsewhere in connection with other judicial proceedings." We cannot, however, ascertain from the present record the exact period of time during which the appellant was engaged in other judicial proceedings.

5. The Commonwealth did file a petition to extend the prescribed period on August 13, 1975, well after the expiration of the prescribed period. This petition was denied by the court below.

sel waived the claim and, therefore, would not reach the issue of counsel's ineffectiveness.

On October 30, 1974, appellant was charged by criminal complaint with robbery and related offenses. Thus, the 180 day period would expire on April 28, 1975, unless time was excluded by operation of Rule 1100(d). During the proceedings, the appellant requested one continuance which lasted from January 29, until February 24, less than 30 days. No time was thereby excluded from the period. See Rule 1100(d)(2). Delay did result when appellant's counsel was out of town and, therefore, was unavailable to appear as scheduled, from January 3, until January 29, 1975. See Rule 1100(d)(1). The case was not reached on February 26, 1975, because appellant had been arrested for murder on February 25;[1] the case was relisted for March 27. The Commonwealth points to no other periods that are to be excluded under Rule 1100(d).[2] Thus, the period was extended by, at most, 57 days. That would have permitted the Commonwealth to bring appellant to trial or to petition the court for an extension of time in which to bring him to trial, any time before June 25, 1975. See *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976); Rule 1100(c). The Commonwealth failed to do either.[3]

On August 25, the lower court commenced a hearing on appellant's motion to suppress which had previously been

1. I do not reach the issue whether all of that delay may be computed as time during which appellant was unavailable under Rule 1100(d)(1). The result is the same whether or not we assume that all of that period is excluded. But see the Comment to the rule: ". . . the defendant should be deemed unavailable for any period of time . . . during which the defendant was absent under compulsory process requiring his appearance elsewhere in connection with other judicial proceedings."

2. In its post-trial motions, appellant raised his own unavailability during the days of June 9, through June 12, 1975, when he was on trial for murder. See note 1, supra.

3. The Commonwealth finally filed a petition to extend on August 13, well beyond the period. The lower court denied the petition. The Commonwealth does not contend that the lower court's denial was erroneous.

reserved to the time of trial. On the next day, during the pre-trial motion, appellant moved to dismiss the charges pursuant to Rule 1100(f). The court continued the hearing to permit appellant to file a written motion which was denied on September 2. On September 4, the court resumed the suppression hearing. On September 18, a jury found appellant guilty of robbery, four counts of aggravated assault, and possession of instruments of crime. This appeal followed denial of post-trial motions and imposition of sentence.

The sole issue before this Court is whether the Commonwealth violated Rule 1100, thereby requiring appellant's discharge. As noted above, trial did not commence within 180 days and the Commonwealth did not file a timely petition for an extension of the period. Presumably, appellant is entitled to be discharged. *Commonwealth v. Shelton,* supra.

The Commonwealth argues that appellant waived his challenge to his conviction: appellant did not file his Rule 1100(f) motion until after the suppression hearing, specifically reserved to the time of trial, had commenced. As urged by the Commonwealth in its brief, ". . . [i]n the Comment to Rule 1100, the Supreme Court's Criminal Procedural Rules Committee has defined 'commencement of trial,' *inter alia,* as that time 'when the trial judge determines that the parties are present and directs them to proceed . . . to the hearing of any motions which had been reserved for the time of trial . . .' Although as [appellant] indicates the comments to the rules are not in and of themselves binding on the Court, they serve as a guide to the bench and bar. The efficacy of the comment to Rule 1100 is supported by the acknowledgment by both trial and appellate counsel that the dismissal petition which was filed after the motions had begun was untimely. For the Court to hold otherwise will simply encourage defendants to drag out pre-trial proceedings in the hope of frustrating prompt trial under Rule 1100 and thereby obtain automatic discharge."

I believe that the Commonwealth's reliance on the Comment is misplaced. I agree with the Commonwealth that the Comment is persuasive authority in our interpretation of the rule. See *Commonwealth v. Bean*, 244 Pa.Super. 368, 368 A.2d 765 (1976) (dissenting opinion by HOFFMAN, J.). I would apply the Comment definition of trial to subsections (a)(1) and (a)(2). Thus, for example, if appellant's motion to suppress had commenced on the 180th day, appellant could not bring about his own release by prolonging the hearing and preventing commencement of "trial" until the 181st day. In my view, that is the evil which the committee intended to prevent in defining commencement of trial as "the hearing of any motions which had been reserved for the time of trial." The harm feared by the Commonwealth—encouragement of defendants to drag out proceedings—simply does not materialize. Further, the Comment and subsections (a)(1) and (a)(2) speak of "commencement of trial." I do not believe that we should apply the same novel definition of "commencement of trial" to subsection (f) of the rule. Rule 1100(f) provides in part that "[a]t any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated." Insofar as "commencement of trial" is given an unusual meaning by the Comment, I would limit that construction and apply it only to subsection (a). Further, appellant raised his Rule 1100 claim during the court's consideration of pre-trial matters—the logical time to have the motion decided.

I find support for my position in a recent decision by our Supreme Court. In *Commonwealth v. Lamonna*, 473 Pa. 248, 373 A.2d 1355 (1977), the Commonwealth argued that Lamonna had waived his Rule 1100 claim because the motion to dismiss was not filed before trial. The Court rejected that claim and stated, ". . . we cannot say that trial was underway at the time appellant's objection was made. Although the case had been called for trial and defendant had been arraigned before he moved to dismiss, the jury had not yet been empaneled, nor had voir dire or any other

substantial step of trial begun. See Comment, Pa.R.Crim.P. 1100." 473 Pa. at 255, 373 A.2d at 1358 (footnotes omitted). As explained in a footnote, "Lamonna's arraignment, of course, took place in a courtroom in the presence of the trial judge. The next step in the proceedings was the random selection from jury lists of a panel of 65 veniremen, accomplished out of the presence of the judge. Sometime during the recess for this purpose and for lunch, certainly no later than the court's reconvening at 1:30 p.m., the motion to dismiss was filed. . . ." Id. 473 Pa. at 255 n. 10, 373 A.2d at 1358 n. 10. By comparison, counsel in the instant case moved to dismiss at a point earlier in the procedure than did Lamonna's attorney. In light of the Supreme Court's holding, I find that the plurality opinion's view that the claim was waived is erroneous.

I would hold that appellant filed his Rule 1100(f) motion pre-trial and would, therefore, reach the merits of that claim. Because the Commonwealth failed to bring appellant to trial in a timely manner, I concur in the result that appellant should be discharged.

SPAETH, J., joins in this concurring opinion.

VAN der VOORT, Judge, dissenting:

In this case the defendant-appellant, based upon Pa.R. Crim.P. 1100, should have been brought to trial on or before April 28, 1975.[1] His trial commenced on August 25, 1975. The next day on August 26, 1975, defendant's counsel petitioned the trial court for an Order dismissing the charges with prejudice on the ground that Rule 1100 had been violated. Rule 1100 provides that in order for a defendant to take advantage of a violation of the Rule, he, or his attorney, must apply to the court before trial for an Order dismissing the charge.[2] Neither the defendant nor his counsel complied with this Rule of procedure and the defendant thereby lost his right to have the charges dismissed. The

1. As calculated in the Opinions of HOFFMAN and PRICE, JJ.

2. Rule 1100(f) 19 P.S. Appendix.

defendant claims however that he is entitled to have the charges dismissed and to have himself discharged because his counsel was ineffective in not complying with Rule 1100(f).

The Majority Opinion holds that the defendant's contention is correct and would discharge the defendant appellant. I disagree with this conclusion. In my judgment when a defendant claims his counsel was ineffective because he failed to perform a purely technical procedural requirement of the law, before the defendant is permitted to escape prosecution he must prove that his defense(s) other than such technical ineffectiveness were prejudiced by counsel's nonperformance.

In other words, I believe in this case when defendant's counsel failed to file his application to dismiss before trial the defendant lost his right to dismissal for failure to comply with the Rule. In order to re-establish this right on the grounds of ineffective counsel I think the defendant should be required to prove that his defenses to the charges other than the defense founded upon Rule 1100 were harmed or injured. In the instant case, I think he should be required to prove that his ability to defend himself on April 25th was substantially greater than it was on August 25th, 1975. I believe that the decision of the Majority holds in effect that a defendant is entitled to perfect performance by his counsel. I further believe that no human endeavor can be performed with perfection. A defendant is entitled to a good defense on the merits of his case not a defense that is technically perfect. Our cases hold that when the Attorney for the Commonwealth neglects to apply timely to the court for an extension of the time for trial and the trial date goes beyond the critical period (now 180 days) then society loses its right to try the defendant and he must be discharged.[3] I see no reason why a similar standard should not apply to the defendant i. e., where he or his counsel neglect to apply timely to the court for discharge because of the passage of 180 days under Rule 1100 he loses his right to such discharge

___

3. *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976).

unless he can show prejudice from the delay. The lines determining ineffectiveness of counsel must be drawn somewhere and it seems to me this is a place where one should be drawn.

I would remand this case for a hearing to determine whether or not the delay in the trial caused appellant's defenses other than the Rule 1100 defense to be substantially prejudiced. If they were thus prejudiced then the judgment of sentence should be vacated and the defendant discharged. If they were not thus prejudiced then the judgment of sentence should be affirmed.