385 A.2d 984

COMMONWEALTH of Pennsylvania

v.

Deborah Ann TAYLOR, a/k/a Deborah Warren, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 15, 1976.

Decided April 13, 1978.

Daniel W. Shoemaker, York, for appellant.

Joseph C. Madenspacher, Assistant District Attorney, Lancaster, with him D. Richard Eckman, District Attorney, Lancaster, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

Following a jury trial, appellant was found guilty of possession of a controlled substance with intent to deliver.[1] Post-verdict motions were denied, and appellant was sentenced to pay a fine of $1,500 and to serve a prison term of two to five years. Appellant now contends that the charge against her should be dismissed because the Commonwealth violated her right to a speedy trial under Pa.R.Crim.P. 1100.[2]

1. Act of December 30, 1974, P.L. 1041, No. 340, § 1 (35 P.S. § 780–113(30)).

2. Since we find that appellant's right to a speedy trial was violated and that she must therefore be discharged, we need not review appellant's other allegations of error.

For the following reasons, we are constrained to agree with appellant's contention.

On February 9, 1975, a criminal complaint was lodged against appellant charging her with violating The Controlled Substance, Drug, Device and Cosmetic Act.[3] Under the precept of Pa.R.Crim.P. 1100(a)(2),[4] the Commonwealth had 180 days, or until August 8, 1975, to bring appellant to trial. On May 9, 1975, appellant petitioned the court below to suppress certain evidence.[5] A hearing on appellant's motion to suppress was reserved by the lower court until the time of trial. A two day suppression hearing commenced on May 28, 1975, and on November 7, 1975, the lower court dismissed appellant's application to suppress. Trial began on November 17, 1975, 281 days after the filing of the complaint.

The Commonwealth, citing the Comment to Rule 1100, argues that "trial", for purposes of time calculations under Rule 1100, did not commence on November 17, 1975, but rather on May 28, 1975, prior to the expiration of the mandatory period, when the hearing on appellant's motion to suppress was conducted. The question which we must therefore decide is when did "trial" commence in the instant case.

Initially, we note that Rule 1100 itself provides merely that: "For the purpose of this Rule, trial shall be deemed to commence on the date the trial judge calls the case to trial." The Comment to Rule 1100, however, explains further that:

"It is not intended that preliminary calendar calls should constitute commencement of a trial. A trial commences when the trial judge determines that the parties

3. Act of April 14, 1972, P.L. 233, No. 64, § 1 (35 P.S. 780–101), *et seq.*

4. Pa.R.Crim.P. 1100(a)(2) provides that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

5. Appellant also requested at this time that the indictment be quashed, the charges be dismissed, and that a closed hearing be conducted.

214

are present and directs them to proceed to voir dire, or to opening argument, *or to the hearing of any motions which had been reserved for the time of trial,* or to the taking of testimony or to some *other such first step in the trial.*" (emphasis added)

Although the comments to our procedural rules serve only as aids to the interpretation of those rules and are not binding upon us, we adopted the Rule 1100 Comment definition of trial commencement in *Commonwealth v. Byrd,* 250 Pa.Super. 250, 378 A.2d 921 (1977). *See also, Commonwealth v. Lamonna,* 473 Pa. 248, 373 A.2d 1355 (1977); *Commonwealth v. Bowers,* 250 Pa.Super. 77, 378 A.2d 461 (1977). Although the record herein shows that the hearing on appellant's motion to suppress was specifically reserved by the lower court for the time of trial, *compare Commonwealth v. Bowers, supra,* we are convinced, *in view of the circumstances present in this case,* that the hearing on appellant's motion to suppress did not constitute a "first step" in trial and did not therefore signify the commencement of trial under the Comment definition.

█ In his concurring opinion in *Commonwealth v. Lamonna, supra,* Chief Justice Eagen of the Pennsylvania Supreme Court examined the Comment definition of trial commencement under Rule 1100 and concluded that:

"The words 'some other such' immediately preceding 'first step in the trial' clearly indicate that the events specifically referred to in the comment are to be considered first steps in a trial for purposes of Rule 1100, see *Commonwealth v. Boyle,* 470 Pa. 343, 368 A.2d 661, 666 (1977), even though not all of these events are, strictly speaking, directly involved with the determination of guilt or innocence. For example, if a case were called to trial and, after determining the parties were present, the trial judge held a hearing on a suppression motion which had been reserved for the time of trial, presumably the trial would have commenced for purposes of Rule 1100. This leads to the conclusion that the principal concern behind Rule 1100 is simply that the commencement of trial be

marked by a substantive, rather than a pro forma, event. Moreover, each of the events specifically referred to in the foregoing portion of the comment represents a degree of commitment of the court's time and resources such that the process of determining the defendant's guilt or innocence follows directly therefrom. Accordingly, the beginning of any stage which leads directly into the guilt-determining process is a 'first step in the trial' for purposes of Rule 1100." *Id.,* 473 Pa. at 260, 373 A.2d at 1361. We agree with Chief Justice Eagen that an event will not mark the commencement of trial under Rule 1100 unless it reflects a commitment of time and resources by the court below and leads directly into the guilt-determining process. Here, the record shows that on May 29, 1975, the final day of the hearing on the motion to suppress, the hearing judge announced:

"In the matter of the suppression hearing in this matter, the Court has carefully considered the testimony without having it transcribed, using the Court's own notes and considering the facts that the defendant here was originally arrested for a misdemeanor and the fact there is a question as to whether she was then and there guilty of a misdemeanor, and the further question as to the validity of the application for the search warrant and the search warrant itself, the Court feels that these problems are not an easy resolution at this point, and after careful consideration, directs the notes of testimony at this suppression hearing, which included a motion to strike the answer to the suppression petition, be transcribed in ample time for October 2nd Argument Court, which is the next available Argument Court, for the disposition of this case.

. . . . .

This case will not be attached for trial in view of my ruling."

The lower court did not issue its ruling on appellant's motion to suppress until November 7, 1975. Trial itself did not commence until November 17, 1975, 173 days after the completion of the suppression hearing and 101 days after the

expiration of the 180 day period. Under these circumstances, we are unable to conclude that the hearing on the suppression motion in this case proceeded directly into the guilt-determining process. The Commonwealth was aware that the court below wished to consider carefully the complex questions presented at the suppression hearing and that no further proceedings would occur until well after the expiration of the mandatory period. If we were to hold that this case was called to trial, *see* Pa.R.Crim.P. 1100(b), when the hearing on the suppression motion commenced, we would be distorting the meaning of the word "trial" as used in the Rule and its Comment.

The Commonwealth, perhaps anticipating our decision of the above issue, argues that even if trial is not deemed to commence until November 17, 1975, appellant waived her right to relief under Rule 1100 by failing to object when the lower court announced that the case would not be listed for trial until the October 2nd term of court. It is of course true that ". . . a defendant may waive or consent to a violation of Rule 1100 by his failure to raise the issue." *Commonwealth v. Lamonna, supra,* 473 Pa. at 254, 373 A.2d at 1358; *Commonwealth v. Myrick,* 468 Pa. 155, 360 A.2d 598 (1976). It is not, however, the defendant's duty to bring himself to trial. *E. g., Commonwealth v. Adams,* 237 Pa.Super. 452, 352 A.2d 97 (1975). Without more, appellant's failure to object to the lower court's decision to list the case for trial after the expiration of the mandatory period cannot be viewed as constituting consent to non-compliance with Rule 1100.[6]  *Compare Commonwealth v. Hickson,* 235 Pa.Super. 496, 344 A.2d 617 (1975).

Since trial did not begin until after the expiration of the mandatory period, and appellant did not waive her right to claim a violation of Rule 1100, the Commonwealth can only prevail if it can show that all periods of delay beyond the mandatory period are " '. . . either excluded from the computation [of the period, Pa.R.Crim.P. 1100(d)] or justified by an order granting an extension pursuant to the terms of

6.  Appellant filed a timely petition to dismiss in the court below.

the rule [Pa.R.Crim.P. 1100(c)].'" *Commonwealth v. Shelton*, 469 Pa. 8, 14–15, 364 A.2d 694, 697 (1976), *quoting Commonwealth v. O'Shea*, 465 Pa. 491, 496, 350 A.2d 872, 874 (1976). Here, the Commonwealth did not file a petition seeking an extension of time. Moreover, the Commonwealth does not claim that any period of time should be excluded pursuant to Pa.R.Crim.P. 1100(d)[7] from the computation of the mandatory period.

The judgment of sentence is reversed, and appellant is discharged.

JACOBS, President Judge, concurs in the result.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

---

7. Pa.R.Crim.P. 1100(d) provides that: "In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from: (1) the unavailability of the defendant or his attorney; (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded."