385 A.2d 579

**COMMONWEALTH of Pennsylvania**

v.

**Wilbert Lee BELLAMY, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 10, 1976.

Decided April 13, 1978.

---

1. See *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967).

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

Appellant was convicted in a non-jury trial on charges of robbery, conspiracy, receiving stolen property, possession of an instrument of crime, and possession of an offensive weapon. He was sentenced to two concurrent two to ten year terms of imprisonment to be served concurrently with a two to six year sentence which appellant was serving on another charge. Appellant bases this appeal on an alleged violation of Rule 1100.

Appellant was arrested on July 30, 1975, for the above charges and was eventually brought to trial on April 13, 1976. The pertinent procedural facts are as follows. A preliminary hearing scheduled for August 7, was continued to August 14, for the appointment of private counsel for appellant. The preliminary hearing was held on August 14, and appellant was indicted on August 28. A hearing for a defense motion to suppress was listed for October 2, but was continued to October 28. There is some dispute about the cause of this delay. Appellant claims the case was continued because the Commonwealth was not prepared. The Commonwealth claims that the continuance was caused by the withdrawal of defense counsel. On October 28, the case was

continued to December 1, due to a witness's illness. The case was not reached on December 1, by the court and was rescheduled for January 9. On January 9, the motion to suppress was heard and denied by Judge Shiomos. Appellant moved for a non-jury trial before a different judge. The trial was scheduled for January 20, when the case was continued to March 1 at defense request. On March 1, 1976, appellant failed to appear since he was in custody, serving time at a state correctional institution for an unrelated offense. On March 16, appellant's motion to dismiss under Rule 1100 was denied and the new Rule 1100 expiration date was determined by the court to be April 13, 1976. Trial was held on that date. The Commonwealth did not at any time file a petition to extend.

■ Initially, the Commonwealth argues that the trial actually commenced January 9, when the court heard motions reserved for time of trial. This argument has no merit. As soon as Judge Shiomos recused himself from the case, a trial could not commence. They could not proceed to voir dire, opening arguments or the taking of testimony. See Comment to Rule 1100. In *Commonwealth v. Lamonna,* 473 Pa. 248, 373 A.2d 1355 (1977), the court held that trial had not begun because there was no jury empaneled nor any other substantial step of trial begun. In the instant case, since the judge recused himself there was no "jury" in this non-jury trial. Therefore, trial had not begun on January 9, for Rule 1100 purposes.

Since trial did not commence until April 13 or 257 days after arrest, we must look to see how many days are excludable under Rule 1100(d). The period from August 7 to August 14 may be excluded because of the unavailability of defense counsel. Likewise, although a matter of factual dispute, we will assume the October 2 to October 28, delay was caused by unavailability of defense counsel. Therefore a total of 33 days are excludable under 1100(d)(1). The continuance of 41 days from January 20 to March 1 was at

defense request, so another 11 days can be excluded. We cannot find any other time that should be charged to appellant.

■ The 11 days from January 9 to January 20, when Judge Shiomos recused himself should not be charged to appellant. Although this motion caused a delay in the proceedings, like a demand for a jury trial or a motion to sever from co-defendants, the time is not excludable.

■ The appellant should not be deemed unavailable for the time that he was incarcerated. The Comment to Rule 1100 does not include incarceration as an example of a defendant's unavailability. In *Commonwealth v. McCafferty*, 242 Pa.Super. 218, 363 A.2d 1239 (1976), the court held that where the defendant was incarcerated in a federal penitentiary shortly after a written complaint was filed with Commonwealth authorities and where the Commonwealth made no effort to obtain custody, the Commonwealth failed to demonstrate that defendant was unavailable for Rule 1100 purposes. The Court stated (242 Pa.Super. at 224, 363 A.2d at 1241):

> "There is no question, therefore, that the duty imposed on the Commonwealth by Rule 1100 to bring a defendant to trial within the prescribed period is not affected by the fact of his incarceration elsewhere or by his failure to demand trial. The dismissal of the charges for failure to comply with the Rule was proper  .   .   . "

■ Therefore, the maximum number of days that can be excluded under Rule 1100 is forty-four days, which would make March 11 the last day for the Commencement of trial. Since appellant had filed his petition to dismiss on March 16, before trial had begun his petition to dismiss should have been granted.

The judgment of sentence is reversed and the charges are dismissed.

PRICE, J., concurs in the result.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.