392 A.2d 837

**COMMONWEALTH of Pennsylvania**

v.

**Allen DOZIER, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 14, 1977.

Decided Oct. 20, 1978.

Reargument Denied Dec. 29, 1978.

Cheryl A. Furey, Jenkintown, for appellant.

L. Tucker, Assistant District Attorney, with him F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Com., appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On December 28, 1974, a criminal complaint was filed against the appellant, charging him with various offenses. On July 25, 1975, the appellant was found guilty of robbery and simple assault. The appellant claims that he was denied effective assistance of counsel in the court below because his trial counsel failed to assert in timely fashion a violation of his Pa.R.Crim.P. 1100 right to a speedy trial.[1] We are constrained to agree with appellant's claim.

In resolving a claim of ineffectiveness of counsel, we are guided by the standard proclaimed in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967): "[O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." The Pennsylvania Supreme Court, however, in *Commonwealth v. Hubbard*, 472 Pa. 259, 278, 372 A.2d 687, 696 (1977), further explained that "[i]t is only when the claim which was foregone [sic] was of arguable merit that we must make an inquiry into the basis for the [trial] counsel's decision not to pursue the matter." Thus, "[t]he initial factor which must be considered in applying this reasonable basis standard is whether the claim which [trial] counsel is charged with not pursuing had some reasonable basis." *Id.*, 472 Pa. at 277, 372 A.2d at 695.

As previously stated, the criminal complaint against the appellant was filed on December 28, 1974. Under the mandate of Pa.R.Crim.P. 1100(a)(2), the Commonwealth had 180 days from the date the complaint was filed, or until June 26,

1. The appellant also alleges that the lower court improperly denied his motion to suppress certain identification evidence. Because of our disposition of this case, we need not address appellant's allegation.

1975, to bring the appellant to trial.[2] On March 12, 1975, the appellant appeared before the court below to enter a negotiated guilty plea. After an extensive guilty plea colloquy, the appellant informed the hearing judge that he did not wish to plead guilty. The hearing judge then directed the parties to proceed on the appellant's oral motion to suppress evidence. At the end of the suppression hearing, the hearing judge reserved his decision on appellant's motion and listed the case to be tried on March 17, 1975.[3] Trial eventually commenced on July 21, 1975, 205 days after the filing of the complaint.

The Commonwealth now argues that the appellant's right to a speedy trial was not violated because trial began timely on March 12, 1975, when the hearing on appellant's motion to suppress commenced. The appellant, however, asserts that trial did not commence until July 21, 1975, or after the expiration of the mandatory period. The initial question therefore before us is when did "trial" commence in the instant case.

Normally, under Rule 1100, trial commences when the lower court ascertains that the parties are present and orders them to proceed to the hearing of any motion which had been reserved for trial. *Commonwealth v. Byrd*, 250 Pa.Super. 250, 378 A.2d 921 (1977); Pa.R.Crim.P. 1100, Comment; *see also Commonwealth v. Lamonna*, 473 Pa. 248, 373 A.2d 1355 (1977). In *Commonwealth v. Taylor*, 254 Pa.Super. 211, 385 A.2d 984 (1978), we expounded that a hearing on a motion which had been reserved for trial will not signify the commencement of trial under Rule 1100 unless ". . . it reflects a commitment of time and resources by the court below and leads directly into the guilt-determining process." *Id.*, 254 Pa.Super. at 215, 385 A.2d at 986. Thus, a

2. Pa.R.Crim.P. 1100(a)(2) provides that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

3. Although the hearing judge stated that he would list the appellant's case to be tried on March 17, 1975, the record shows that the appellant's case was actually listed to be tried on March 18, 1975.

hearing on a motion will mark the commencement of trial under Rule 1100 only if (1) the accused is adequately warned that the hearing has been reserved until the time of trial and (2) the hearing actually leads directly into the guilt-determining process. Neither of these requirements was satisfied in the instant case.

Although the record shows that the hearing on the appellant's motion to suppress was not explicitly reserved for trial, the Commonwealth contends that the suppression hearing did constitute the commencement of trial because of procedures established by Phila.R.Crim.P. 605, which states, in part, that "[m]otions for suppression in felony listing room cases will be scheduled for hearing at trial . . . ." Perhaps, under some circumstances, the Commonwealth might persuasively assert that this Rule provides a defendant with adequate notice that trial, for purposes of Rule 1100, will commence with his suppression hearing. Instantly, however, the Rule was effectively negated by the hearing judge, who adamantly declared to the appellant, without objection by the Commonwealth, that "[the suppression hearing] is not the trial." Furthermore, even if the appellant had been adequately warned that his suppression hearing had been reserved for the time of trial, the record clearly shows that the appellant's suppression hearing did not lead directly into the guilt-determining process. The jury panel was not sworn and addressed by both counsel and the court until July 21, 1975, 101 days after the suppression hearing. Since the requirements of Rule 1100 in regard to trial commencement were not satisfied, we must reject the Commonwealth's argument, based on Phila.R.Crim.P. 605, that trial timely commenced on March 12, 1975. ". . . [A] rule of procedure adopted by a court of common pleas cannot be used as a means to circumvent our rules of procedure." *Commonwealth v. Julius Pugh*, 476 Pa. 445, 449, 383 A.2d 183, 185, n. 4 (1978); Pa.R.Crim.P. 1(b).

Since we have determined that the appellant was not brought to trial until July 21, 1975, 205 days after the filing of the complaint, we must now ascertain whether the appel-

lant's right to a speedy trial was thereby violated. It is axiomatic that all periods of delay beyond the mandatory period " '. . . must be either excluded from the computation [of the period, Pa.R.Crim.P. 1100(d)] or justified by an order granting an extension pursuant to the terms of the rule [Pa.R.Crim.P. 1100(c)] if the Commonwealth is to prevail.' " *Commonwealth v. Shelton*, 469 Pa. 8, 14–15, 364 A.2d 694, 697 (1976), *quoting Commonwealth v. O'Shea*, 465 Pa. 491, 496, 350 A.2d 872, 874 (1976). The Commonwealth never filed a petition to extend under Pa.R.Crim.P. 1100(c) in the instant case. We must therefore examine the record to determine whether any periods of delay may be excluded from the computation of the prescribed period under the provisions of Pa.R.Crim.P. 1100(d).

Pa.R.Crim.P. 1100(d) provides that the period for commencement of trial shall be computed by excluding therefrom any delay which results from "(1) the unavailability of the defendant or his attorney; (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded." The record shows that only one period of delay in this case can be attributable to the appellant.[4] On June 10, 1975, the appellant requested that the case be continued until June 30, 1975. The reason for this delay of twenty days is not apparent on the record. Even if we assume, however, that the delay was caused by the unavailability of the appellant or his attorney and therefore exclude twenty days from the computation of the 180 day period, it is clear that the appellant was not timely tried.[5]

---

[4]. The Commonwealth admits that the appellant was not responsible for the critical delay in this case.

[5]. Although the appellant's claim was not raised in post-trial motions, it was raised orally during trial. The lower court subsequently conducted a hearing on appellant's claim. Since the lower court was afforded an opportunity to consider the appellant's claim, we have reviewed the merits of appellant's claim in order to facilitate the efficient administration of justice. *Cf. Commonwealth v. Smith*, 478 Pa. 76, 385 A.2d 1320 (1978); *Commonwealth v. Hubbard*, 472 Pa.

■■■■ Recently, in *Commonwealth v. Byrd*, 250 Pa.Super. 250, 378 A.2d 921, 924 (1977), we held that there is ". . . no reasonable legal basis for an attorney to fail to object to a violation of his client's right to speedy trial under Pa.R.Crim.P. 1100." Here, the record clearly shows that the Commonwealth failed to bring the appellant to trial within the mandatory period. If the appellant's trial counsel had properly petitioned the lower court under Pa.R.Crim.P. 1100(f) to dismiss the charges against the appellant, the petition would have been granted. Instead, trial counsel did not assert the appellant's speedy trial claim until after the jury panel had been sworn and addressed by both counsel and the court. Since trial had already commenced prior to trial counsel's request, and since Pa.R.Crim.P. 1100(f) requires that a petition to dismiss under Rule 1100 be filed prior to trial, the lower court correctly denied trial counsel's request as untimely. *Commonwealth v. Perkins*, 473 Pa. 116, 373 A.2d 1076 (1977); Pa.R.Crim.P. 1100(f). We are therefore constrained to conclude that the appellant was deprived of effective assistance of counsel.[6]

The judgment of sentence is reversed, and the appellant is ordered discharged.

VAN der VOORT, J., files a dissenting opinion.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

VAN der VOORT, Judge, dissenting:

I respectfully dissent for the reasons set forth in my Dissenting Opinion in *Commonwealth v. Byrd*, 250 Pa.Super. 250, 378 A.2d 921 (1977).

259, 372 A.2d 687 (1977); *Commonwealth v. Byrd*, 250 Pa.Super. 250, 378 A.2d 921 (1977).

**6.** Even if the record showed that only a possible violation of appellant's right to a speedy trial had occurred, we would still find that the appellant was denied effective assistance of counsel because of his trial counsel's admission that he failed to file a timely petition to dismiss solely ". . . due to an oversight on the part of the defender's office . . . ."