394 A.2d 582

**COMMONWEALTH of Pennsylvania**

v.

**William WRIGHT, a/k/a Ralph Cannon, Appellant.**

Superior Court of Pennsylvania.

Submitted June 12, 1978.

Decided Nov. 22, 1978.

Anthony G. Bateman, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, and Edward G. Rendell, District Attorney, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

HESTER, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County, imposed on Indictment Nos. 369, 370 and 374, December Term, 1973. The procedural history and facts relevant to this appeal are as follows:

Appellant was arrested on November 11, 1973, for robbery but the complaint was filed on November 12, 1973. A preliminary hearing was held on November 21, 1973, at which time appellant was held for court, but was released on bail. On December 3, 1973, he was rearrested as a parole violator and was incarcerated from that date until August 16, 1974, the date of his trial. The case was initially listed for trial on December 17, 1973, at which time a bench warrant was issued because of appellant's failure to appear. Appellant was incarcerated, and the bench warrant was entirely inappropriate. On January 21, 1974, the case was again listed for trial; appellant was present but the case was relisted for March 12, 1974. At that time, a bench warrant was again issued for appellant who was in custody the entire time. The next listing was for March 25, 1974, at which time the bench warrant was withdrawn and the case continued to April 16, 1974, when it was again continued to May 3, 1974 in order that appellant could be tried with his codefendant. On May 3, 1974, a bench warrant was again issued, and subsequently withdrawn on May 10, 1974, when the case was relisted for June 5, 1974, with the public defender being appointed to represent appellant or private counsel, if engaged. On July 8, 1974, the case was continued at appellant's request until July 24, 1974. There is no reason

indicated on the docket for the further continuance until August 5, 1974, at which time Irvin Gross, Esquire, whom appellant indicated was his counsel, failed to appear. On August 6, 1974, Mr. Gross did appear and indicated that he did not represent the appellant. On August 8, 1974, pre-trial motions were heard by the court, having been reserved for hearing until just prior to trial. The case was continued until August 9, 1974, at which time the wrong defendant was brought to the courtroom, and the case was continued until Monday, August 12, 1974, when appellant filed a motion to dismiss pursuant to the 270-day rule which was denied late in the day. The Commonwealth was ready, willing and able to proceed to trial at that time. On August 13, 1974, after appellant requested that the Rule 1100 motion judge disqualify himself, he made an on-the-record waiver of his Rule 1100 rights until August 16, 1974, when the case was tried. Appellant was found guilty of three counts of robbery and his trial counsel made oral motions in arrest of judgment and for a new trial based upon insufficiency of the evidence, and the weight of the evidence. Appellant's counsel made no mention of the Rule 1100 claim which had been denied by the trial court. His counsel, after an appeal was filed to this court, filed an "Anders" brief claiming there were no meritorious issues on appeal. We entered a judgment of non-pros on the appeal. Appellant filed a Post Conviction Hearing Act petition alleging ineffective assistance of counsel in that any Rule 1100 claim was not properly preserved by his trial counsel for appellate review. After hearing on said petition, the Honorable Ethan Allen Doty entered an order permitting appellant to file a direct appeal nunc pro tunc, and properly made no further determination of the allegations in said petition. This appeal followed.

Appellant alleges that he was denied the effective assistance of counsel as his trial counsel failed to raise and properly preserve for appeal on post-trial motions, the issue of the alleged Rule 1100 violation, which he contends has merit.

The guidelines for determining whether counsel is ineffective were set forth by the Supreme Court in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967) wherein the court stated:

"Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests."

Counsel may not be deemed to be ineffective for failing to pursue an avenue which in light of the then existing state of the law would appear frivolous, including the pursuit of baseless motions. *Commonwealth v. Rice,* 456 Pa. 90, 318 A.2d 705 (1974); *Commonwealth v. Davis,* 470 Pa. 193, 368 A.2d 260 (1977); *Commonwealth v. Robinson,* 452 Pa. 316, 305 A.2d 354 (1973); *Commonwealth v. Fisher,* 244 Pa.Super. 309, 368 A.2d 736 (1976).

It is therefore necessary to ascertain whether or not it was indeed frivolous to preserve the Pa.R.Cr.P. 1100 issue for appeal.

Rule 1100(a)(1) provides:

"Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed."

Further, under Pa.Rule of Criminal Procedure 1100(d):

"In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceeding as results from:

(1) the unavailability of the defendant or his attorney; or

(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be excluded."

The above exclusion is automatic, the Commonwealth not being required to file a petition for an extension of time when the delay is caused by the unavailability of the defendant. *Com. v. Richbourgh,* 246 Pa.Super. 300, 369 A.2d 1331 (1977). The actual period of delay attributable to the defendant or his attorney is excluded. *Com. v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976); *Com. v. Millhouse,* 470 Pa. 512, 368 A.2d 1273 (1977).

In the instant case, the Commonwealth must show that appellant went to trial within a period of 270 days from the complaint date of November 12, 1973, excluding any time pursuant to the aforementioned rule. The time runs out on August 9, 1974, barring any time automatically excluded.

The record indicates, however, that although the Public Defender had been appointed June 5, 1974 with the provision that either the Public Defender or private counsel could handle the case, the appellant was unable to proceed on August 5, 1974 because his alleged trial counsel, a private attorney, did not appear. The following day, said private counsel explained to the trial court that he did not represent the appellant. This resulted in a continuance until August 8, 1974, when pre-trial motions were heard by the court. Since appellant could have been represented on August 5, 1974, as he had been earlier by the Public Defender, we are of the opinion that he was unavailable for trial due to his own fault from August 5, 1974 to August 8, 1974, which three-day period is excludable from the 270-day period. This would extend the time for trial to August 12, 1974. See *Com. v. Millhouse,* supra. We note that the numerous erroneously issued bench warrants and the resultant judicial delay may not be charged to the appellant. *Com. v. Shelton,* supra.

We are, therefore, confronted with the issue as to whether or not the hearing of the pretrial motions on August 8, 1974 constituted the beginning of trial.

Rule 1100 merely provides that:

"For the purpose of this Rule, trial shall be deemed to commence on the date the trial judge calls the case to trial."

The Comment to Rule 1100, however, explains further that:

"It is not intended that preliminary calendar calls should constitute commencement of a trial. A trial commences when the trial judge determines that the parties are present and directs them to proceed to voir dire, or to opening argument, or to the hearing of any motions which had been reserved for the time of trial, or to the taking of testimony or to some other such first step in the trial."

Although the Comments to our procedural rules serve only as aids to the interpretation of those rules, we adopted the Rule 1100 Comment definition of trial commencement in *Commonwealth v. Byrd,* 250 Pa.Super. 250, 378 A.2d 921 (1977); *Commonwealth v. Bowers,* 250 Pa.Super. 77, 378 A.2d 461 (1977).

Here, we are convinced that the hearing of the Pre-trial Motions on August 8, 1974, specifically reserved for the time of trial according to the docket, constituted a first step in the trial.

The motions were disposed of without delay, although the case was delayed on August 9, 1974 due to the failure to bring the proper person to the courtroom. On Monday, August 12, 1974, after appellant filed his motion to dismiss pursuant to Rule 1100 which was denied, the Commonwealth was ready to proceed. On August 13, 1974, appellant requested that the trial judge who had heard the testimony on the Rule 1100 motion, disqualify himself, which he did, but only after the defendant waived his Rule 1100 rights on the record from August 13 through August 16, 1974, the day of trial. Consequently, this case can be distinguished from the case of *Com. v. Taylor,* 254 Pa.Super. 211, 385 A.2d 984 (1978) wherein it was clear from the record that the trial court delayed disposition of the pre-trial motions for a lengthy period and affirmatively indicated on the record

that "This case will not be attached for trial in view of my ruling."

Therefore, since the hearing of pre-trial motions on August 8, 1974 constituted a first step in the trial which was within the permissible 270 days, the Rule 1100 claim has no merit and appellant's trial counsel did not render ineffective assistance by failing to preserve that issue for appeal.

Accordingly, the judgment of sentence is affirmed.

HOFFMAN, J., did not participate in the consideration or decision on this case.