399 A.2d 699

**COMMONWEALTH of Pennsylvania**

v.

**Bradley BROWN, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1977.

Decided March 9, 1979.

Petition for Allowance of Appeal Granted June 15, 1979.

John W. Packel, Assistant Public Defender, Chief, Appeals Division, Philadelphia, for appellant.

Michael R. Stiles, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

Following a non-jury trial on January 28, 1977, appellant was found guilty of criminal conspiracy,[2] robbery[3] and aggravated assault.[4] Post-trial motions for a new trial and in arrest of judgment were denied, and appellant was sentenced to a term of imprisonment of from four to ten years on the robbery charge, and a term of state-supervised probation of five years on the criminal conspiracy charge, probation to run consecutive to the sentence imposed on the robbery charge. The sentencing court found that the assault charge merged into the robbery bill. Appellant now contends that the charges against him should be dismissed because the Commonwealth violated his right to a speedy trial under Pa.R.Crim.P. 1100. For the following reasons, we are constrained to agree with appellant's contention.

On April 2, 1976, a criminal complaint was lodged against appellant charging him with robbery, aggravated assault and criminal conspiracy. Under the precept of Pa.R. Crim.P. 1100(a)(2),[5] the Commonwealth had 180 days to bring appellant to trial. On May 21, 1976, appellant petitioned the court below to suppress certain evidence. On November 15, 1976, after 175 days had run for Rule 1100 purpc es,[6] appellant's motion to suppress was heard by the court below. The court below, per Judge DiBona, granted appellant's motion as to physical evidence, but denied it as to appellant's confession. Immediately after ruling on the motions, Judge DiBona, *sua sponte,* recused himself from

2. 18 Pa.C.S. § 903.

3. 18 Pa.C.S. § 3701.

4. 18 Pa.C.S. § 2702.

5. Pa.R.Crim.P. 1100(a)(2) provides that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

6. Appellant signed a written waiver, thereby waiving his Rule 1100 rights for a forty-two day period between September 24 and November 15. This period of time, therefore, is excluded from calculating the run time under Rule 1100.

hearing the case-in-chief, and continued the case to December 15, 1976, even though the run date for bills 136 through 138 was November 22.[7]

The Commonwealth failed to file a petition to extend during this period,[8] *i. e.* November 15 through December 15, and there was no time, within this period, which is properly excludable under Rule 1100(d).[9] Appellant filed an application to dismiss on December 7, 1976, fifteen days after the run date of November 22. This motion was denied by the lower court on December 14, 1976. On December 15, and on all other subsequent listings of the case until the trial on January 28, 1977, appellant waived his Rule 1100 rights.

Based upon the facts of the instant appeal, we are compelled to hold that appellant's right to a speedy trial was violated due to the Commonwealth's failure to bring him to trial within the time mandated by Rule 1100.

7. November 22 normally would have been the 182nd day for purposes of calculating the Rule 1100 run time. However, since the 180th day, November 20, fell on a Saturday, that day, plus the Sunday immediately succeeding it, are omitted from the computation of the run time. *See* 1 Pa.C.S.A § 1908.

8. Rule 1100(c) provides that:
   "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which the trial shall be commenced."

9. Rule 1100(d) provides that:
   "In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
   (1) the unavailability of the defendant or his attorney;
   (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded."
   It should be noted that we have held in the past that the time period during which a judge has recused himself should not be charged to appellant. *Commonwealth v. Bellamy,* 254 Pa.Super. 168, 385 A.2d 579 (1978).

The Commonwealth sets forth two grounds upon which it contends that the opinion of the court below should be affirmed. First, the Commonwealth contends that appellant's trial commenced on November 15, 1976, that date on which the court below heard appellant's motion for suppression of evidence. To support this contention, the Commonwealth cites the Comment to Rule 1100,[10] and Philadelphia Common Pleas Court Rule 600 IV (Phila.R.C.P.C. 600 IV). The Comment to Rule 1100 provides that "[a] trial commences when the trial judge determines that the parties are present and directs them to proceed to . . . the hearing of motions which have been reserved for the time of trial . . ." Phila.R.C.P.C. 600 IV provides that "[a]ll pretrial suppression applications in non-major [*i. e.* non-jury] criminal cases shall be listed for hearing in the same courtroom and on the same date as the non-major case scheduled for trial." The Commonwealth, in essence, contends that the suppression motion, when viewed in light of Phila.R.C.P.C. 600 IV, should be classified as a motion "reserved for the time of trial" and, therefore, a signal that trial commenced under Rule 1100. With this contention, we cannot agree.

In the past, we have held that normally, under Rule 1100, trial commences when the lower court ascertains that the parties are present and orders them to proceed to the hearing of any motion which had been reserved for trial. *Commonwealth v. Byrd,* 250 Pa.Super. 250, 378 A.2d 921 (1977); *see also Commonwealth v. Lamonna,* 473 Pa. 248, 373 A.2d 1355 (1977). However, that holding was expounded upon by this court in the case of *Commonwealth v. Taylor,*

---

**10.** This court has stated that "[a]lthough the comments to our procedural rules serve only as aids to the interpretation of those rules and are not binding upon us, we adopted the Rule 1100 Comment definition of trial commencement . . . (citation omitted)" *Commonwealth v. Taylor,* 254 Pa.Super. 211, 212, 385 A.2d 984, 985. *See also Commonwealth v. Byrd,* 250 Pa.Super. 250, 378 A.2d 921 (1977). However, in view of the circumstances present in this case, we are convinced that the hearing on appellant's motion to suppress did not constitute a first step in trial and did not, therefore, signify the commencement of trial under the Comment definition.

254 Pa.Super. 211, 385 A.2d 984 (1978), wherein we stated that a motion which had been reserved for trial will not signify the commencement of trial under Rule 1100 unless ". . . it reflects a commitment of time and resources by the court below and leads directly into the guilt-determining process." *Id.*, 254 Pa.Super. at 215, 385 A.2d at 986. "Thus, a hearing on a motion will mark the commencement of trial under Rule 1100 only if (1) the accused is adequately warned that the hearing has been reserved until the time of trial and (2) the hearing actually leads directly into the guilt-determining process." *Commonwealth v. Dozier*, 258 Pa.Super. 367, 371–372, 392 A.2d 837, 840 (1978).

As in *Commonwealth v. Dozier, supra,* the Commonwealth in the instant appeal asserts that, although the record shows that the hearing on appellant's motion to suppress was not explicitly reserved for trial, it nevertheless did constitute the commencement of trial because of the procedures established by the Philadelphia Rules of Criminal Procedure. However, as in *Dozier,* we must reject this argument because the record clearly shows that appellant's suppression hearing did not lead directly into the guilt-determining process. There was a span of thirty days between the date on which Judge DiBona recused himself and the date on which appellant waived his subsequent Rule 1100 rights. Since the requirements of Rule 1100 in regard to trial commencement were not satisfied, we must reject the Commonwealth's argument, based on Phila.R.Crim.P. 600 IV, that trial timely commenced on November 15, 1976. " '[A] rule of procedure adopted by a court of common pleas cannot be used as a means to circumvent our rules of procedure.' " *Commonwealth v. Dozier, supra,* 258 Pa.Super. at 372, 392 A.2d at 840, citing *Commonwealth v. Pugh,* 476 Pa. 445, 449 n.4, 383 A.2d 183, 185 n.4 (1978).

In addition, we have held that when a judge recuses himself following the hearing of pre-trial motions reserved for time of trial, trial cannot commence. "As soon as [the judge] recused himself from the case, a trial could not commence . . . .. In the instant case, since the judge

recused himself there was no 'jury' in this non-jury trial. Therefore, trial had not begun . . ." *Commonwealth v. Bellamy,* 254 Pa.Super. 168, 169, 385 A.2d 579, 580 (1978).

█ The Commonwealth's second contention is that appellant, by remaining silent while the lower court continued his case beyond the Rule 1100 run date, waived his Rule 1100 rights. Indeed, the court below came to the same conclusion. "The defendant, by his silence and apparent consent on November 15, 1976, led the hearing judge and the Commonwealth to conclude that the December 15, 1976, trial date was acceptable to him; therefore, he cannot now claim that the rule has been violated." (Slip opinion at 6). With this contention, we cannot agree.

This court has considered such arguments in the past, and has held that mere silence to a continuance which sets the date for trial beyond the Rule 1100 run date is not sufficient to constitute a waiver of appellant's Rule 1100 rights. "The Commonwealth . . . argues that even if trial is not deemed to commence until November 17, 1975, appellant waived her right to relief under Rule 1100 by failing to object when the lower court announced that the case would not be listed for trial until the October 2nd term of court. It is of course true that '. . . a defendant may waive or consent to a violation of Rule 1100 by his failure to raise the issue.' *Commonwealth v. Lamonna,* supra, 473 Pa. [248,] 254, 373 A.2d [1355,] 1358 (1977); *Commonwealth v. Myrick,* 468 Pa. 155, 360 A.2d 598 (1976). It is not, however, the defendant's duty to bring himself to trial. *E. g., Commonwealth v. Adams,* 237 Pa.Super. 452, 352 A.2d 97 (1975). Without more, appellant's failure to object to the lower court's decision to list the case for trial after the expiration of the mandatory period cannot be viewed as constituting consent to noncompliance with Rule 1100. [footnote and citation omitted]." *Commonwealth v. Taylor, supra,* 254 Pa.Super. at 213, 385 A.2d at 986–987.

Since trial did not begin until after the expiration of the mandatory period, appellant did not waive his right to claim a violation of Rule 1100, and there were no periods of excludable time apparent on the record,[11] we must hold that the Commonwealth violated appellant's Rule 1100 rights.

The judgment of sentence is reversed, and appellant is discharged.

VAN der VOORT, J., files a dissenting statement.

JACOBS and WATKINS, former President Judges, and HOFFMAN, J., did not participate in the consideration or decision of this case.

VAN der VOORT, Judge, dissenting:

I respectfully dissent from the release and discharge of the defendant in this case on the grounds that the trial court violated Pa.R.Crim.P. 1100.

The issue in this case is whether or not the procedure of continuing this case at the conclusion of a suppression hearing, after which the hearing Judge recused himself from any further hearing, for a period of thirty days the end of which period was twenty-three days after the Run date and to which continuance neither the defendant nor his counsel made any objection, is sufficiently leading directly into the guilt determining process or a first step in the trial to comply with the prompt trial requirements of Rule 1100.

We have held that the hearing of a pretrial motion held until the time of trial followed immediately by trial complies with Rule 1100. In the instant case, the hearing on the motion to suppress was on November 15, 1976. At the conclusion of the hearing the Judge suppressed the physical evidence but refused to suppress appellant's confession. The

11. We have, as previously noted in n.6, taken into account the exclusion of forty-two (42) days from September 24 to November 15 by reason of appellant's written waiver.

hearing Judge then recused himself in order that another Judge might hear the case uninfluenced by the testimony adduced at the suppression hearing. The hearing Judge then continued the case to December 15, 1976. No objection to this thirty day continuance was made by appellant nor his counsel nor did appellant make any issue of the fact that this continuance placed the time of trial twenty-three days after the Run date of November 22, 1976.

I believe that where a suppression hearing Judge finds it appropriate to recuse himself from further participation in the trial and postpones the further hearing in the case to a date twenty-three days after the Run date coupled with the fact that neither the defendant nor his counsel make any objection to such a delay the issue of prompt trial under Rule 1100 has been waived by the defendant.

The suppression hearing Judge tried a part of this case when he held a hearing on the suppression motion and made a ruling on the motion. The thirty day continuance of the trial was ordered for the benefit of the defendant who acquiesced in the postponement. Thirty (30) days later he filed his petition to dismiss for failure of the Commonwealth to try him within the 180 days as required by Rule 1100. The tactics utilized by the defense is what is familiarly called "sand bagging" the Commonwealth. After lulling the Commonwealth into believing that the continuance of the trial was satisfactory, the defense turns around and says in effect "even if I did acquiesce in this continuance, I now take it back and demand my discharge." I would hold that the continuance of thirty days ordered at the conclusion of the suppression hearing to enable the defendant to appear before another Judge for the conclusion of his trial, acquiesced in by the defendant, does not create such an hiatus as to sever the trial process or if it did sever the trial process the prompt trial requirement was waived by the defendant when he made no objection to the proceedings.

I would affirm the judgment of sentence.