389 A.2d 647

COMMONWEALTH of Pennsylvania

v.

Penny HAIRSTON, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 8, 1976.

Decided July 12, 1978.

Vincent T. Snyder, Philadelphia, for appellant.

No appearance entered nor brief submitted for Com., appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On July 11, 1975, the appellant was convicted of various criminal offenses in the Municipal Court of Philadelphia. On July 25, 1975, the appellant filed a notice of appeal from the judgment of sentence imposed by the Municipal Court. On March 5, 1976, after a non-jury trial de novo in the Court of Common Pleas of Philadelphia, the appellant was found

guilty of receiving stolen property.[1]  The appellant now contends that he was denied his right to effective counsel in the court below.[2]  Since we are unable to resolve this issue from the record, we must remand the case to the court below for an evidentiary hearing on the matter.

The appellant claims that he was denied effective assistance of counsel because his trial counsel did not apply to the court below to dismiss the charges against the appellant on the basis that the appellant was not brought to trial in the Court of Common Pleas within 90 days after his notice of appeal from the Municipal Court was filed, as required by Pa.R.Crim.P. 6013(g).[3]  In resolving a claim of ineffective assistance of counsel, we are guided by the standard proclaimed in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967): "[O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests."  The Pennsylvania Supreme Court, however, in *Commonwealth v. Hubbard*, 472 Pa. 259, 278, 372 A.2d 687, 696 (1977), further explained that "[i]t is only when the claim which was foregone [sic] was of arguable merit that we must make an inquiry into the basis for the [trial] counsel's decision not to pursue the matter."  Thus, "[t]he initial factor which must be considered in applying this reasonable basis standard is whether the claim which [trial] counsel is charged with not pursuing had some reasonable basis."  *Id.*, 472 Pa. at 277, 372 A.2d at 695.

1.  18 Pa.C.S. § 3925.

2.  The appellant's counsel on appeal did not represent the appellant at the trial stage.

3.  Pa.R.Crim.P. 6013(g) provides that: "A trial *de novo* in the Court of Common Pleas shall commence within a period of ninety (90) days after the notice of appeal from the Municipal Court is filed.  In all other respects the provisions of Rule 1100 shall apply to such trials in the Court of Common Pleas."

■ In the instant case, the appellant's Rule 6013(g) claim is clearly of arguable merit. Appellant's trial in the Court of Common Pleas did not commence until 224 days after the appellant filed his notice of appeal from the Municipal Court. Presumably, the appellant therefore had a valid claim for dismissal under Rule 6013(g).[4] Since we have concluded that the omitted contention is of arguable merit, our inquiry into the substance of the claim ceases and shifts to a determination of whether a satisfactory basis for the omission exists on the record.

■ Recently, in *Commonwealth v. Byrd*, 250 Pa.Super. 250, 378 A.2d 921, 924 (1977), we held that there is ". . . no reasonable legal basis for an attorney to fail to object to a violation of his client's right to a speedy trial . . . ."[5] We predicated our holding in *Byrd* upon a finding that a violation of the appellant's speedy trial right. was *apparent* on the record. Here, unlike in *Byrd*, we are precluded from fully examining the merits of the appellant's claim because the claim was not included in post-trial motions.[6] At best, we are able to conclude only that the appellant's claim was arguably valid. Thus, we can state only that the appellant's trial counsel failed to object to a *possible* violation of his client's right to a speedy trial. On this basis alone, we cannot hold that the appellant's trial counsel was ineffective.

■ We recognize that an attorney might decide not to seek redress for a possible speedy trial violation in order to pursue some other alternative designed to effectuate his client's interests. For example, an attorney might be faced

---

4. We are unable to review further the merits of appellant's claim because the claim was not raised in post-trial motions and was therefore not properly preserved for appellate review. *Commonwealth v. Hubbard, supra; compare Commonwealth v. Byrd*, 250 Pa.Super. 250, 378 A.2d 921 (1977).

5. Although the appellant in *Commonwealth v. Byrd*, 250 Pa.Super. 250, 378 A.2d 921 (1977) complained that his Pa.R.Crim.P. 1100 right to a speedy trial was violated, our comments in *Byrd* apply equally to an analysis of a claimed Pa.R.Crim.P. 6013 violation. *See* the Comment to Pa.R.Crim.P. 6013.

6. *See* note 4, *supra*.

with a situation where the record does not reveal whether or not the Commonwealth exercised due diligence in seeking his client's whereabouts during a period critical to a speedy trial determination. Since the attorney is not certain that a speedy trial violation has occurred, we believe that he might reasonably advise his client to waive the possible violation of his client's right to a speedy trial in order to gain some concession from the Commonwealth which he believes is favorable to his client. Under those circumstances, if the alternative pursued by counsel is reasonable, then we would conclude that counsel effectively assisted his client. Unfortunately, the present record does not indicate why trial counsel failed to file a petition to dismiss under Rule 6013(g). We must therefore vacate the judgment of sentence and remand this case to the court below to determine whether trial counsel was ineffective for failing to file a petition to dismiss under Rule 6013(g). If trial counsel is found to be ineffective because a violation of the appellant's right to a speedy trial was apparent on the record, then the judgment of sentence should be vacated and the appellant should be discharged. Similarly, if trial counsel is found to be ineffective because no reasonable basis existed for his failure to file a petition to dismiss for a possible violation of his client's right to a speedy trial, then the hearing court must determine whether appellant's right to a speedy trial was violated. If the appellant was denied a speedy trial, then the judgment of sentence should be vacated and the appellant should be discharged. If, however, trial counsel's representation is found to be effective, then the judgment of sentence is to be reinstated. Of course, either party may, if they so desire, appeal the hearing court's decision to this court.

The judgment of sentence is vacated and the case is remanded to the court below for proceedings consistent with this opinion.

CERCONE, J., dissents.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.