393 A.2d 825

**COMMONWEALTH of Pennsylvania**

v.

**Eugene Joseph McCOY, Appellant.**

Superior Court of Pennsylvania.

Submitted March 20, 1978.

Decided Oct. 20, 1978.

Arthur G. Nassau, Philadelphia, for appellant.

Alan M. Rubenstein, Deputy District Attorney, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

HESTER, Judge:

This is an appeal from the Order of the Court of Common Pleas, Criminal Division of Bucks County, denying an Evidentiary Hearing under the Post Conviction Hearing Act. The procedural history relevant to the issues on appeal is as follows:

Defendant was charged with armed robbery, conspiracy and other related offenses in four separate indictments. On April 24, 1975, during a suppression hearing, the defendant arrived at a plea bargain with the Commonwealth which was submitted to and approved by the trial judge. A timely appeal to the Superior Court was filed by a second attorney on behalf of defendant but was discontinued on January 13, 1976.

On or about May 31, 1977, Appellant, through a third attorney, filed a Petition under the Post Conviction Hearing Act, 19 P.S. 1180–1 et seq., asserting two grounds for relief: ineffective assistance of counsel, and the unlawful inducement of his guilty plea. On July 22, 1977, the Petition was dismissed without a hearing. This appeal followed.

The Post Conviction Hearing Act, 19 P.S. 1180–4(b) states:

For the purposes of this act, an issue is waived if:

(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and

(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.

It has been held that ineffective assistance of counsel in a prior appeal is an extraordinary circumstance justifying a failure to raise an issue on direct appeal. *Commonwealth v.*

*Roundtree,* 469 Pa. 241, 364 A.2d 1359 (1976); *Commonwealth v. Valezquez,* 244 Pa.Super. 327, 368 A.2d 745 (1976). Petitioner contends here that his *appellate* counsel was ineffective due to the fact that he failed to raise the issue of *trial* counsel's ineffectiveness. Appellant contends trial counsel should have moved to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 1100 for a failure to bring the case to trial within 270 days from the date of the complaint. The Supreme Court has held that ineffectiveness of prior counsel must be raised as an issue at the earliest stage in the proceedings at which counsel whose effectiveness is being challenged no longer represents the accused. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977). In *Commonwealth v. Beatty,* 474 Pa. 104, 376 A.2d 994 (1977), the Supreme Court further held that appellant, by withdrawing his prior direct appeal, did not waive his right to challenge collaterally the lawfulness of his plea.

In *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975), our Supreme Court sets forth the circumstances when a claim of ineffectiveness of trial counsel and appellate counsel could be raised. Under those standards, clearly the ineffectiveness of direct appeal counsel can be raised collaterally under the Post Conviction Hearing Act.

Thus the effectiveness of appellate counsel has been here properly preserved for appellate review. However, we are in a position where, in order for this court to evaluate the effectiveness of *appellate* counsel, we must determine if *trial* counsel rendered ineffective assistance. Appellant now contends trial counsel was ineffective as a result of his failure to raise an issue under Rule 1100 that could have resulted in the discharge of the Appellant. The guidelines that we must follow in this determination were set forth in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967) wherein the court stated:

Counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests.

Additionally, the Post Conviction Hearing Act, 19 P.S. 1180–9 provides:

If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner.

The lower court concluded that to hold an evidentiary hearing, was fruitless because the record added no factual support to the general claim of ineffective assistance of counsel and an induced guilty plea. We reluctantly disagree.

We note that Appellant submitted a Memorandum of Law to the trial court in support of the petition, clearly setting forth the law applicable to the facts at hand. In addition, if the trial court felt that the petition failed to allege specific facts, petitioner should have been permitted to amend his petition pursuant to the provisions of the Post Conviction Hearing Act, 19 P.S. 1180–7.

The docket entries indicate that the complaint was brought on August 4, 1973.

Rule 1100(a)(1) provides:

Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973, but before July 1, 1974 shall commence no later than two hundred seventy days from the date on which the complaint is filed.

Appellant was subsequently indicted by the Grand Jury on January 10, 1974. The case was first listed for trial on March 25, 1974, at which time the defense requested a continuance until April 8, 1974. On that date, the defendant failed to appear.

Under Rule 1100(d), in determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

1. the unavailability of the defendant or his attorney;

2. any continuance in excess of 30 days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded.

Appellant was unavailable from March 25, 1974. A review of the record does not reveal the reason for the delay in setting an original trial date by the Commonwealth.

On February 5, 1975, the Commonwealth acknowledged the fact that Appellant was incarcerated in another county. Pursuant to that information, it filed a Petition for Writ of Habeas Corpus. Again, from a review of the record, we have no idea when Appellant was returned to Bucks County and arraigned, making him available from that time forward. *Commonwealth v. Harris,* 243 Pa.Super. 503, 366 A.2d 267 (1976). The Commonwealth then relisted the case for trial on March 25, 1975. The defense requested a continuance until April 9, 1975 in order to obtain private counsel. On April 9, 1975, there was no courtroom available. As a result thereof, trial was continued until April 23, 1975. On that day, the trial judge continued the case until April 24, 1975, the date when the plea bargain was finalized.

Clearly, the time between March 25, 1975 and April 9, 1975 is not excludable since it was a defense continuance under 30 days. Also, the period from April 9, 1975 until April 24, 1975 cannot be excluded from the 270-day mandatory period since it was caused by judicial delay. *Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976).

Accordingly, the Commonwealth must demonstrate that Appellant was brought to trial within a period of 270 days from the date of complaint, excluding the time permissible pursuant to the aforecited caselaw.

We are unable to determine, from an examination of the record, the reasoning of appellate counsel in not raising the issue of the alleged ineffectiveness of trial counsel in the direct appeal.

When the record before a reviewing court is inadequate to disclose whether counsel acted pursuant to a reasoned course, i. e., whether there existed a satisfactory basis for not making the omitted claim, then the appellate court should remand the case for an evidentiary hearing on that issue. *Commonwealth v. Hubbard,* 472 Pa. at 278, 372 A.2d at 696 (1977); *Commonwealth v. Moore,* 466 Pa. 510, 353 A.2d 808 (1976); *Commonwealth v. Twiggs,* [460 Pa. 105, 331 A.2d 440] supra. A finding of ineffectiveness without the benefit of such a hearing is proper only when it can conclusively be said from an examination of the record on appeal that there could have been no reasonable basis for counsel's decision. *Commonwealth v. Hubbard,* supra.

We cannot here conclude that there could have been no reasonable basis for the decision of appellate counsel. We must remand for an Evidentiary Hearing.

The Order of the lower court is vacated and the matter remanded for an Evidentiary Hearing consistent with this Opinion.

SPAETH, J., files a concurring and dissenting opinion, in which PRICE, J., joins.

HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring and dissenting:

The cases in which the defendant claims that counsel was ineffective for failing to file a motion to dismiss under Rule 1100(f) resist orderly classification. For discussion here, however, two classes should be noted. In the first, the facts are clear; in the second, they are not. In the first, we discharge; in the second, we remand.

*Commonwealth v. Byrd,* 250 Pa.Super. 250, 378 A.2d 921 (1978), is an example of the first class. There, after every doubtful fact was resolved in the Commonwealth's favor, still the record showed that

[t]he mandatory period could be extended, at most, sixty days, or until June 27, 1975. Trial . . . did not commence until August 25, 1975. Furthermore, the Commonwealth failed to file a petition for an extension of time within the prescribed period. *Id.*, 250 Pa.Super. at 256, 378 A.2d at 924 (footnote omitted).

We ordered the defendant discharged, for we could

perceive no reasonable legal basis for an attorney to fail to object to a violation of his client's right to speedy trial under Pa.R.Crim.P. 1100. *Id.*

*Commonwealth v. Hairston,* 256 Pa.Super. 153, 389 A.2d 647 (1978), is an example of the second class. There the facts were not clear because the speedy trial claim had not been raised in the lower court. However, as nearly as we could tell from such facts as were disclosed of record, it was possible that the defendant had not received a speedy trial. We therefore remanded for an evidentiary hearing:

At best, we are able to conclude only that the appellant's claim was arguably valid. Thus, we can state only that the appellant's trial counsel failed to object to a *possible* violation of his client's right to a speedy trial. On this basis alone, we cannot hold that the appellant's trial counsel was ineffective.

We recognize that an attorney might decide not to seek redress for a possible speedy trial violation in order to pursue some other alternative designed to effectuate his client's interests. For example, an attorney might be faced with a situation where the record does not reveal whether or not the Commonwealth exercised due diligence in seeking his client's whereabouts during a period critical to a speedy trial determination. Since the attorney is not certain that a speedy trial violation has occurred, we believe that he might reasonably advise his client to waive the possible violation of his client's right to a speedy trial in order to gain some concession from the Commonwealth which he believes is favorable to his client. Under those circumstances, if the alternative pursued by counsel is reasonable, then we would conclude that counsel effective-

ly assisted his client. At 649. [N.B. This assumes PRICE, J.'s opinion will be majority, not, as now, dissent.]

This case is a case of the second class. As in *Hairston,* we know enough to conclude that appellant's claim is "arguably valid," but we do not know enough to decide the claim on its merits because it was not raised below. Also as in *Hairston,* we can imagine that counsel "might reasonably advise his client to waive the possible violation of his client's right to a speedy trial." With reference to this second point, the Commonwealth argues that "[counsel's] chosen course had more than a reasonable basis." Brief for Commonwealth at 9. The basis for this argument is: appellant has a long criminal record; the case against him was strong, especially after his motion to suppress evidence had been denied; the plea agreement offered by the Commonwealth was attractive; and the number of days to be excluded from the 270 day period was uncertain—given various facts raising a question of whether appellant was unavailable, as, for example, appellant's failure to appear, which raised a question of when the Commonwealth became aware (or in the exercise of due diligence should have become aware) of appellant's whereabouts. Brief for Commonwealth at 9-11.

Instead of remanding for a hearing to develop these facts, and such other relevant facts as may exist but that we don't know about, which is what we did in *Hairston,* the majority has made a series of findings, at least two of which are contrary to the contentions of the respective parties. Specifically: The majority finds that "[a]ppellant was unavailable from March 25, 1974" (but query: what was the effect of the continuance granted then?), Majority at 827, and goes on to find that "when [a]ppellant was returned to Bucks County and arraigned, [he became] available from that time forward," *id.* Appellant, however, contends that "[o]n February 5, 1975, when the Commonwealth became aware of appellant's incarceration in Philadelphia, appellant became available under Rule 1100." Brief for Appellant at 10. In this regard, *see Commonwealth v. Cunningham,* 247 Pa.Super. 302, 372 A.2d 473 (1977) (defendant available from date

located in another county prison, and detainer filed). Also, the majority finds that "[c]learly, the time between March 25, 1975 and April 9, 1975 is not excludable since it was a defense continuance under 30 days." Majority at 828. The Commonwealth, however, contends that "[the] continuance was due to [appellant's] unavailability in that he had no attorney." Brief for Commonwealth at 11. Finally, the majority makes other findings, regarding such matters as when the case was relisted for trial, and the availability of a courtroom; whether these are accurate, or are disputed by the parties, I cannot tell.

In my opinion we should simply remand for an evidentiary hearing with instructions to the hearing judge to determine whether appellant's counsel had a reasonable basis for not filing a motion to dismiss under Rule 1100(f); we should not circumscribe the extent of the hearing judge's inquiry by making our own findings of fact.

PRICE, J., joins in this opinion.