400 A.2d 165
COMMONWEALTH of Pennsylvania
v.
Earl DEMBY, Appellant.
Superior Court of Pennsylvania.
Submitted Dec. 6, 1977.
Decided Feb. 16, 1979.
Reargument Denied May 1, 1979.

John W. Packel, Assistant Public Defender, Chief, Appeals Div., Leonard Sosnov, Assistant Defender, Philadelphia, for appellant.

Michael R. Stiles, Assistant District Attorney, Chief, Appeals Div., Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

## OPINION

PER CURIAM:

Appellant appeals his convictions of burglary, conspiracy, and robbery on the basis of alleged violations by the Commonwealth of Rule 1100 of the Pennsylvania Rules of Criminal Procedure.

The procedural history of this case can be summarized as follows. A criminal complaint was filed on March 22, 1975 charging appellant with robbery, assault, conspiracy, and weapons offenses. Appellant was arrested on March 24, 1975 and his preliminary hearing was scheduled for April 2. The case was continued from April 2 until April 9 because appellant's appointed counsel withdrew from the case and new appointed counsel was sought. The case was continued twice more from April 9 to April 16 and from April 16 to April 23 because appellant's newly appointed counsel was engaged elsewhere. On April 23, counsel entered his appearance and appellant waived his preliminary hearing.

The original run date under Rule 1100 was September 18, 1975. The continuances of April 2 to April 23 extended the run date to October 9, 1975, as explained below.

The case was listed for a July 30 trial. On that date a continuance was granted to appellant due to the vacation of a co-defendant's attorney. On August 27 appellant requested another continuance. Both sides answered ready on September 10 and the case was assigned to "back-up". On October 6, 1975 the Commonwealth filed its petition for

extension. The hearing thereon was continued so that the Commonwealth could file *amended* petitions, which they did on October 15, 1975. Judge Julian King denied the amended petitions after hearings which were held on October 21, 1975. On October 23, the Commonwealth petitioned Judge King for a reconsideration which was granted subsequent to an ex parte hearing of which our defendant had no notice. After another hearing on the petition to void the order, the case was transferred to Judge Stanley Greenberg for new hearings on the petition for an extension of the date on which to commence trial. On January 6, 1976, Judge Greenberg granted the Commonwealth an extension until January 15, 1976. January 15 was Martin Luther King Day and the courts were closed. Judge Berel Caesar began hearings on Motions to Suppress Evidence which were listed for the time of trial on January 16, 1976. The trial proper commenced on January 27, 1976, and appellant was subsequently convicted of burglary, conspiracy, and four counts of robbery. Post-verdict motions were denied on December 24, 1976 and appellant was sentenced on January 17, 1977 to five concurrent 7–20 year terms and one concurrent 2½ to 5 year term.

The question presented by this appeal is whether appellant's right to a speedy trial was violated by the Commonwealth's failure to comply with the requirements of Rule 1100 of the Rules of Criminal Procedure.

■ The first issue for consideration is whether the April 2 to April 9, 1975 continuance is excludable time under Rule 1100(d)(1). The continuance resulted from a delay in the appointment of new counsel where appellant's previous appointed counsel had withdrawn from the case due to a conflict of interest. Counsel was clearly unavailable under the terms of Rule 1100(d)(1) and, therefore, the 7 days in question were excludable from the original 180 day period.

■ Appellant has agreed that the continuances of April 9 to April 16 and April 16 to April 23 are also excludable time under Rule 1100(d)(1) as counsel was unavailable. These excluded periods extend the run date 21 days from Septem-

ber 18, 1975 to October 9, 1975. The Commonwealth filed for an extension on October 6, 1975 and this filing was timely. On October 21, eleven days after the run date under Rule 1100, Judge King denied the Commonwealth's amended petition for an extension. Two days later, on October 23, 1975, the Commonwealth approached Judge King ex parte with a petition for reconsideration alleging that significant issues of law and fact existed. Appellant and his attorney were not notified that the Commonwealth planned to petition Judge King for a reconsideration. Judge King granted reconsideration on the basis of the minimal allegations contained in the petition. However it is noted that this petition had already been amended once prior to the court's denial thereof.

The decision to grant reconsideration came on October 21, 1975 which was past the run date of October 9, 1975. The matter was then closed. The Commonwealth cannot keep the question alive indefinitely by petitioning for a reconsideration of a decision to deny a petition for extension. Denial of such a petition differs from granting it. If the petition is granted, the grant relates back to the date of filing of the petition, but this is not the case when the petition is denied. Such would permit the Commonwealth to extend the proceedings interminably by merely filing for a reconsideration and appealing that decision. Such would be contrary to the policy and intent of Rule 1100, which mandates the commencement of a trial within a specifically defined time with only two exceptions. *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976).

The last date for the commencement of appellant's trial was October 9, 1975 but his trial was not commenced until January 16, 1976 when Judge Caesar heard arguments on the Motions to Suppress Evidence. Appellant was deprived of his right to a speedy trial under Rule 1100 of the Pennsylvania Rules of Criminal Procedure. Since this issue is dispositive, we need consider no others.

The judgment of the lower court is reversed and the charges against appellant are dismissed.

PRICE and SPAETH, JJ., concur in the result.

VAN der VOORT, J., dissents.

JACOBS and WATKINS, former President Judges, and HOFFMAN, J., did not participate in the consideration or decision of this case.