398 A.2d 686

COMMONWEALTH of Pennsylvania, Appellant,

v.

Francis J. MURRAY.

Superior Court of Pennsylvania.

Submitted March 20, 1978.

Decided Feb. 23, 1979.

Eric J. Cox, Assistant District Attorney, Chief, Appeals Division, Conshohocken, for Commonwealth, appellant.

William B. Eagan, Willow Grove, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

VAN der VOORT, Judge:

Appellant Francis J. Murray was arrested on February 8, 1977, charged with operating a motor vehicle while under the influence of intoxicating liquor. Trial was held on June 10, 1977, but a mistrial was declared when the jury was unable to reach a verdict. The case was listed to be tried on August 1, 1977, but was not tried by Sunday, August 7, the one hundred eightieth day after filing of the complaint. On Monday, August 8, the Commonwealth filed a petition under Pa.Rule of Criminal Procedure 1100(c) for an extension of time for commencing trial. Appellee filed an answer (which was not included with the record provided our Court) on August 22, 1977. Hearing was held on the Commonwealth's petition on August 25, 1977, after which the lower court dismissed the case. (Reason for the dismissal, as stated in the court's opinion of September 30, 1977 was the failure of the Commonwealth to file its petition prior to the expiration of the period for commencement of trial). The Commonwealth appealed to our Court, arguing only that the lower court erred in ruling that the Commonwealth's petition was not timely filed.[1]

Rule 1100(c) provides: "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial." In the case

---

[1]. The Commonwealth does not argue that under Pa.Rule of Criminal Procedure 1100(e)(1) the Commonwealth had one hundred twenty

before us, the Commonwealth filed its petition for an extension of time on the first work day (a Monday) following the one hundred eightieth day. In *Commonwealth v. Jones*, 473 Pa. 211, 373 A.2d 1338 (1977), our Supreme Court ruled that § 1908 of the Statutory Construction Act[2] required the omission of a Saturday, Sunday, or holiday from the computation of a period of time when the final day for trial falls on such a day. Since the Commonwealth's petition in the case before us was filed "prior to the expiration of the period for commencement of trial," the Commonwealth's petition was timely filed.

Reversed and remanded for consideration by the court below of the merits of the Commonwealth's petition for extension of time for trial. If the petition be found to be meritorious, then the case shall proceed to trial within 120 days. If the petition is found to be without merit, then the case shall be dismissed.

. JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

---

days from the date of the mistrial (or until October 10, 1977) to try the case; this issue is therefore not before us at this time.

2. Act of November 25, 1970, P.L. 707, No. 230, as amended by the Act of December 6, 1972, P.L. 1339, No. 290, § 3, 1 Pa.C.S. §§ 1501 *et seq.*