404 A.2d 1340

**COMMONWEALTH of Pennsylvania**

v.

**Sidney THOMAS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 27, 1978.

Decided May 25, 1979.

Colie B. Chappelle, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

SPAETH, Judge:

Appellant was convicted by a jury of six counts of robbery, one count of burglary, and one count of conspiracy. His post verdict motions were denied, and he was sentenced to three consecutive terms of imprisonment of five to twenty years, followed by twenty years probation.

Appellant argues, *inter alia*, that his right to a prompt trial under Rule 1100 of the Pennsylvania Rules of Criminal Procedure was violated.

■ On March 25, 1975, the complaint against appellant was presented to a judge, who issued a warrant for appellant's arrest. Under *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977), when a complaint is presented to a court, Rule 1100 begins to run. Thus, under the rule, the Commonwealth had until September 21, 1975, to bring appellant to trial; since September 21 was a Sunday, the Commonwealth had until September 22, 1975. *Commonwealth v. Jones*, 473 Pa. 211, 373 A.2d 1338 (1977); Act of Nov. 25, 1970 P.L. 707, No. 230, as amended by the Act of Dec. 6, 1972, P.L. 1339, No. 290, 1 Pa.C.S. § 1908. In fact appellant was not brought to trial until January 22, 1976.

The lower court ruled that because of delays attributable to appellant, and therefore to be excluded from calculation under Rule 1100(d), the run date was extended to January

14, 1976. Accordingly, the court concluded, no violation of Rule 1100 occurred.[1] We disagree.

■ The court properly excluded 7 days, the period from April 9 to April 16, 1975. During this period appellant's counsel was unavailable for trial. The delay was therefore attributable to appellant and to be excluded under Rule 1100(d).

■ Three of the periods excluded, however, April 16 to April 23, July 30 to August 27, and August 27 to September 10, 1975, a total of 49 days, were the result of delays caused by appellant's co-defendants or their counsel. Since the record does not affirmatively show that appellant approved of or contributed to these delays, they should not have been excluded in calculating appellant's run date. *Commonwealth v. Kelly*, 246 Pa.Super. 196, 369 A.2d 879 (1976); *Commonwealth v. Brown*, 242 Pa.Super. 397, 364 A.2d 330 (1976); *Commonwealth v. Hagans*, 242 Pa.Super. 393, 364 A.2d 328 (1976).

The lower court also excluded 51 days that it attributed to a defense request for a continuance to file motions. The record of the lower court, however, does not indicate that the defense requested a continuance. The only notation on the record is: "motions to be filed—list for trial." The space in which a "code" is normally entered to indicate a defense request for a continuance was left blank.

■ Moreover, even assuming that the defense did request a continuance, the lower court erred in excluding the entire 51 day period. Rule 1100(d)(2) provides that when the defense requests a continuance in excess of 30 days, only the period beyond the 30th day may be excluded in calculating the run date. At most, therefore, the lower court should have excluded 21 days.

1. It is not apparent how the court arrived at this conclusion, for accepting the court's computation, it would follow that the case should have been tried at least by January 14. In fact, however, on January 14 the case was merely assigned to a judge for trial; appellant was not actually brought to trial until January 22. We know of no authority for the proposition that simple assignment of a case to a judge, without more, constitutes commencement of trial under the rule. Appellant, however, did not raise this argument.

■ If we assume that appellant did not request a continuance, only 7 days were properly excluded under the rule, with the result that the run date was extended to September 29, 1975. The Commonwealth, however, did not file its petition to extend until October 6, 1975. Thus, the petition was not timely. *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976).

■ If we assume that appellant did request a continuance, with the result that the run date was extended 28 days (7 plus 21), or until October 20, 1975, still the Commonwealth failed to act timely. As just noted, the petition to extend was filed on October 6. On October 15 the Commonwealth amended the petition. On October 21 the lower court denied the petition. At this point, the matter was concluded: the period had run, on October 20, without appellant having been brought to trial. However, on October 23, three days after the period had run, the Commonwealth, in an *ex parte* proceeding, petitioned the court for a reconsideration of its order denying the petition to extend. The court granted reconsideration, but that grant was of no effect. The same considerations that require the Commonwealth to file its original petition to extend within the period of the rule, *Commonwealth v. Shelton, supra*, also forbid that it be permitted to seek reconsideration of its petition after the period has run. *Commonwealth v. Demby*, 264 Pa.Super. 438, 400 A.2d 165 (1979) (Per Curiam Opinion) (discharging one of appellant's co-defendants).[2] Thus the Commonwealth's petition for reconsideration was not timely filed. To rule otherwise would permit the Commonwealth to ex-

**2.** Appellant had three co-defendants, all of whom appealed their convictions on Rule 1100 grounds. In *Commonwealth v. Demby*, 264 Pa.Super. 438, 400 A.2d 165 (1979), the appellant also was discharged because the Commonwealth failed to file a timely petition for reconsideration. In *Commonwealth v. Smith*, 262 Pa.Super. 258, 396 A.2d 744 (1978), the appellant waived, by not raising, the argument that the petition for reconsideration was untimely. In *Commonwealth v. Caesar*, 261 Pa.Super. 512, 396 A.2d 18 (1978), the appellant was found to have had a later run date than his co-defendants; he therefore could not avail himself of the argument that the petition for reconsideration was untimely.

tend the period allowed by the rule and thus frustrate its purpose. *Commonwealth v. Demby, supra.*

Because our ruling on the Rule 1100 issue is dispositive, we do not reach the other issues raised by appellant.

The judgment of the lower court is reversed, and appellant is ordered discharged.

VAN der VOORT, J., notes dissent.

HESTER, J., files a dissenting statement.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision in this case.

HESTER, Judge, dissenting:

I dissent. I would affirm the sentence imposed and the action of the court below.