416 A.2d 1113

**COMMONWEALTH of Pennsylvania**

v.

**Percy FAVORS, Appellant.**

Superior Court of Pennsylvania.

Argued June 18, 1979.

Filed Dec. 21, 1979.

110

Douglas H. Riblet, Assistant Public Defender, Philadelphia, for appellant.

Sheldon M. Finklestein, Philadelphia, for Commonwealth, appellee.

Before HESTER, HOFFMAN and CATANIA, JJ.*

HOFFMAN, Judge:

The issues presented by this appeal are (1) whether the filing of a Commonwealth petition to extend tolls the running of the Rule 1100 period; and (2) whether appellant acquiesced in the extension of the period in this case. We hold that filing the petition does not toll the 180-day period and, accordingly, reverse and remand for an evidentiary hearing on the issue of appellant's acquiescence in the extension.

On March 12, 1977, a criminal complaint was filed against appellant. Thus, the original Rule 1100 run date was September 8, 1977. Appellant, however, agreed to waive his Rule 1100 rights until November 8, 1977. Because November 8, 1977, was a court holiday (election day), the new Rule 1100 run date was November 9, 1977.

On October 14, 1977, appellant requested that a line-up be held for identification by a Commonwealth witness. The Commonwealth was unable to locate the witness, it requested and obtained a continuance on October 31, 1977. No transcript is available of the October 31, 1977, proceeding at which the case was continued to November 15, 1977.

On November 7, 1977, two days before the expiration of the Rule 1100 period, the Commonwealth filed a petition to extend pursuant to Rule 1100(c). At the November 14 and 15 hearing on the petition, the Commonwealth conceded that it had not exercised due diligence in locating the witness. Therefore, the lower court denied the Commonwealth petition on November 15, 1977. On the same day, following the

* President Judge Francis J. Catania of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

denial, appellant filed a motion to dismiss pursuant to Rule 1100(f). At the November 21, 1977, hearing on appellant's motion, the lower court determined that the filing of the Commonwealth petition to extend two days before the Rule 1100 run date had tolled the Rule 1100 period. Appellant's motion to dismiss was, therefore, denied as untimely.[1] At the close of the hearing, the court held a suppression hearing and immediately thereafter, proceeded to try appellant. Appellant was eventually convicted of burglary, robbery, criminal conspiracy, and possessing an instrument of crime. After denial of his post-verdict motions, appellant took this appeal.

Appellant contends that the lower court erred in concluding that the filing of a Commonwealth petition to extend tolls the running of the Rule 1100 period.[2] Pursuant to Rule 1100(c), the Commonwealth may petition the court for an extension of the 180-day period in which it must try a criminal defendant. As we have frequently noted, however, the Commonwealth must file its petition to extend before the end of the 180-day period. *See, e. g., Commonwealth v. Smith*, 262 Pa.Super. 258, 396 A.2d 744 (1978). Moreover, "the lower court should make every effort to dispose of the Commonwealth's petition prior to the expiration of the prescribed period." *Commonwealth v. Ray*, 240 Pa.Super. 33, 36, 360 A.2d 925, 927 (1975). We have stressed the importance of prompt disposition of the petition because "if the court denie[s] the extension after the period has run, the Commonwealth is prevented from bringing the accused to trial. If the petition is denied promptly, the Commonwealth may nonetheless be able to try the accused within the

1. The lower court concluded that the motion to dismiss was untimely because the Rule 1100 period had not yet run. *See Commonwealth v. Richbourgh*, 246 Pa.Super. 300, 369 A.2d 1331 (1977) (motion to dismiss invalid if filed prior to Rule 1100 run date).

2. Rule 1100(a)(2) provides:
   Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

period." *Commonwealth v. Mancuso,* 247 Pa.Super. 245, 250 n.3, 372 A.2d 444, 444 n.3 (1977). *See also Commonwealth v. Metzger,* 249 Pa.Super. 107, 375 A.2d 781 (1978). Similarly, we have stated with respect to a petition for reconsideration of denial of an extension that: "If the petition is granted, the grant relates back to the date of filing of the petition, but this is not the case when the petition is denied. Such would permit the Commonwealth to extend the proceedings interminable by merely filing for a reconsideration and appealing that decision. Such would be contrary to the policy and intent of Rule 1100, which mandates the commencement of a trial within a specifically defined time with only two exceptions." *Commonwealth v. Demby,* 264 Pa.Super. 438, 442, 400 A.2d 165, 167 (1979).

The lower court found that because the Commonwealth filed its petition to extend two days before the Rule 1100 run date, upon denial of the petition, two days remained in which to try appellant. Our cases have frequently stated that the denial of a petition to extend does not relate back to the time of filing the petition. *See, e. g., Commonwealth v. Metzger, supra* ; *Commonwealth v. Mancuso, supra.* Moreover, to allow the petition to toll the Rule 1100 period would permit the Commonwealth to obtain *some* extension of time in nearly every case merely by filing a baseless petition to extend. Thus, the purpose of the rule mandating trial of the defendant within a specific time period could readily be defeated. *See Commonwealth v. Demby, supra.* Consequently, we conclude that the lower court erred in its finding that the Rule 1100 period was tolled by the filing of the Commonwealth petition.

Appellant contends that, because of this error, he is entitled to discharge. It is possible, however, for a criminal defendant impliedly to waive his Rule 1100 rights. *See, e. g., Commonwealth v. Taylor,* 473 Pa. 400, 374 A.2d 1274 (1977). For example, defense acquiescence in a continuance of the trial to a time beyond the Rule 1100 run date may in some instances constitute a waiver of Rule 1100 rights for the period of the continuance. *See Commonwealth v. Fere-*

*bee,* 259 Pa.Super. 234, 393 A.2d 804 (1978) (both defendant and Commonwealth moved for continuance beyond Rule 1100 limit); *Commonwealth v. Connor,* 258 Pa.Super. 246, 392 A.2d 776 (1978) (defense requested continuance beyond run date). *Cf. Commonwealth v. Brown,* 264 Pa.Super. 127, 399 A.2d 699 (1979) (mere silence to continuance setting date beyond Rule 1100 limit does not constitute waiver of rights under rule).

■ In the present case, we cannot determine from the record whether appellant acquiesced in the continuance obtained by the Commonwealth on October 31, 1977, because the proceedings were not transcribed. The Commonwealth did, however, seek the continuance in order to comply with the defense request for a line-up. Thus, it is possible that appellant in fact consented to the delay. If appellant did impliedly consent to the continuance, his motion for dismissal, filed on November 15, 1977, the day before the continuance ran out, was untimely. *Commonwealth v. Richbourgh,* 246 Pa.Super. 300, 304–05 n.8, 369 A.2d 1331, 1334 n.8 (1977). We therefore reverse and remand for an evidentiary hearing on the issue of whether appellant acquiesced in the continuance of the trial beyond the Rule 1100 limit.

Judgment of sentence vacated and case remanded for an evidentiary hearing.

HESTER, J., files a dissenting opinion.

HESTER, Judge, dissenting:

At 1:30 on the morning of March 12, 1977, appellant, in the company of James Allen and James Monroe, by the use of subterfuge, gained admission to the apartment of Eleanor McKeever. The three were armed with guns. She was forced to lie on the floor where she was tied up. Allen placed a gun to her head and told her, "I'm going to ask you one more time, where is the money and where is the reefer." Ms. McKeever's four year-old daughter and another four year-old girl were sleeping in the adjoining bedroom. Appellant opened the bedroom door and stated, "If somebody don't tell where it's at, one of these kids is going to get

hurt." Appellant and Monroe forced Ms. McKeever to reveal the location of her money which was taken by the two men. Monroe then forced her to perform oral sex upon him following which appellant attempted anal intercourse. When he was unsuccessful he proceeded to rape her. She was then raped by Monroe.

The trio were apprehended by the Philadelphia police as they fled from the McKeever apartment building. They were immediately returned to the McKeever apartment where they were identified ten to twenty minutes following the conclusion of the incident. Monroe gave a confession to the police. It was read into evidence during the trial. Appellant was convicted of burglary, criminal conspiracy, robbery and possession of instrument of crime.

Appellant received a fair trial. There can be no serious question as to his guilt. The majority would now reverse the conviction and remand for an evidentiary hearing based upon a technical Rule 1100 question contributed to in no small part by appellant's request for a line-up for a non-essential Commonwealth witness and appellant's untimely motion to dismiss, pursuant to Rule 1100(c).

I dissent most vigorously.

I would affirm on the comprehensive well-structured Opinion of Judge Anderson of the court below.