417 A.2d 253

**COMMONWEALTH of Pennsylvania**

v.

**James MONROE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed Dec. 21, 1979.

Harry A. Rubin, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, HOFFMAN and CATANIA, JJ.*

PER CURIAM:

Appellant contends that the lower court erred in denying his motion to dismiss filed pursuant to Pa.R.Crim.P. 1100(f). The lower court determined that the filing of a Commonwealth petition to extend prior to the Rule 1100 run date tolled the running of the Rule 1100 period until the court acted on the petition. We held in the case of appellant's co-defendant that the filing of the petition did not toll the 180-day period. *Commonwealth v. Favors*, 273 Pa.Super. 109, 416 A.2d 1113 (1979). Accordingly, based upon our decision in *Favors*, we reverse and remand for an evidentiary hearing on the issue of appellant's acquiescence in the Commonwealth's motion for continuance of trial beyond the Rule 1100 run date.

* President Judge Francis J. Catania of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

Judgment of sentence vacated and case remanded for proceedings consistent with this opinion.

HESTER, J., files a dissenting opinion.

HESTER, Judge, dissenting:

At 1:30 on the morning of March 12, 1977, appellant, in the company of James Allen and Percy Favors, by the use of subterfuge, gained admission to the apartment of Eleanor McKeever. The three were armed with guns. She was forced to lie on the floor where she was tied up. Allen placed a gun to her head and told her, "I'm going to ask you one more time, where is the money and where is the reefer." Ms. McKeever's four year-old daughter and another four year-old girl were sleeping in the adjoining bedroom. Favors opened the bedroom door and stated, "If somebody don't tell where it's at, one of these kids is going to get hurt." Appellant forced Ms. McKeever to reveal the location of her money which was taken by appellant and Favors. He then forced her to perform oral sex upon him following which he proceeded to rape her. She was also raped by Favors.

The trio were apprehended by the Philadelphia police as they fled from the McKeever apartment building. They were immediately returned to the McKeever apartment where they were identified ten to twenty minutes following the conclusion of the incident. Appellant gave a confession to the police. It was read into evidence during the trial. He testified in his own behalf. Appellant was convicted of burglary, criminal conspiracy, rape, involuntary deviate sexual intercourse, robbery and possession of instrument of crime.

Appellant received a fair trial during which he submitted a complete defense. There can be no serious question as to his guilt. The majority would now reverse the conviction and remand for an evidentiary hearing based upon a technical Rule 1100 question.

I dissent.

I would affirm on the comprehensive well-structured Opinion of Judge Anderson of the court below.