437 A.2d 1156

**COMMONWEALTH of Pennsylvania,**

v.

**Earl DEMBY, Appellee.**

Supreme Court of Pennsylvania.

Submitted Oct. 22, 1981.

Decided Dec. 17, 1981.

Eric B. Henson, Deputy Dist. Atty., Gaele McLaughlin Barthold, Asst. Dist. Atty., for appellant.

John W. Packel, Chief, Appeals Div., Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION

LARSEN, Justice.

In a criminal complaint filed on March 22, 1975, appellee, Earl Demby, was charged with robbery, assault, conspiracy and weapons offenses. Appellee was arrested on March 24, 1975.

On October 6, 1975 the Commonwealth filed a petition[1] to

---

1. This petition was amended on October 15, 1975 with the trial court's permission.

extend the Pa.R.Crim.P. 1100 "run date".[2] The Commonwealth contended that its petition was timely filed. However, the appellee asserted that the petition was untimely filed because the Rule 1100 run date was allegedly September 18, 1975. On October 21, 1975, the Honorable Julian F. King denied the petition as untimely filed because, as he had computed the 180 day period, the run date had occurred on September 18, 1975. After an ex parte presentation of a petition for reconsideration by the Commonwealth on October 23, 1975, Judge King vacated the order of denial of October 21, 1975, and a full hearing was held on January 6, 1976 before the Honorable Stanley Greenberg. At this hearing Judge Greenberg granted the Commonwealth an extension of time, and trial was set for January 15, 1976.[3]

In a jury trial, appellee was convicted of burglary, conspiracy and robbery. Motions for a new trial and arrest of judgment were denied, and appellee was sentenced to consecutive prison terms of seven to twenty years on the burglary charge, two and one-half to five years on the conspiracy charge, and seven to twenty years on the robbery charge.

In his appeal to the Superior Court, appellee contended, inter alia, that his Pa.R.Crim.P. 1100 rights were violated in that a reconsideration ruling cannot be construed to relate back to the date the original petition was filed so that the ruling would be within the Rule 1100 run date. The Superior Court agreed, reversed the trial court and dismissed the charges against the appellee. *Commonwealth v. Demby*, 264 Pa.Super. 438, 400 A.2d 165 (1979). The Commonwealth then sought review in this Court which was granted.

The Commonwealth now contends that the Superior Court erred in holding that the trial court lacked the power to reconsider its denial of the petition for extension of time where the denial is made after the Rule 1100 run date. The

**2.** A Rule 1100 "run date" is the 180th day after the criminal complaint is filed minus any exclusions as provided by Rule 1100(d).

**3.** The courts were closed on January 15, 1976 because of Martin Luther King day, but the suppression hearing, which was reserved for the time of trial, began on January 16, 1976.

Superior Court determined the Rule 1100 run date·to be October 9, 1975.[4] That court also found that the Commonwealth's petition for extension of time filed on October 6, 1975 was timely. However, the Superior Court held that because the trial court denied the Commonwealth's petition on October 21, 1975, which was after the run date, the trial court could not entertain a petition to reconsider its denial. According to the Superior Court, once the original petition had been denied, "[t]he matter was then closed. The Commonwealth cannot keep the question alive indefinitely by petitioning for a reconsideration of a decision to deny a petition for extension. Denial of such a petition differs from granting it. If the petition is granted, the grant relates back to the date of filing of the petition, but this is not the case when the petition is denied. Such would permit the Commonwealth to extend the proceedings interminably by merely filing for a reconsideration and appealing that decision." *Commonwealth v. Demby*, 264 Pa.Super.Ct. at 442, 400 A.2d at 167.

There is a fundamental flaw in the Superior Court's reasoning. To say that "the matter is closed" as of the denial of the petition effectively denies the lower court its inherent[5] and statutory[6] powers to reconsider its own rulings. The reconsideration procedure has been established to

**4.** Although the original Rule 1100(a)(2) run date was September 18, 1975, the Superior Court correctly found that, pursuant to Rule 1100(d), the continuances of April 2 to April 9, April 9 to April 16 and April 16 to April 23 were excludable delays.

**5.** *See Commonwealth v. Cole*, 437 Pa. 288, 263 A.2d 339 (1970).

**6.** 12 P.S. 1032 states in relevant part:
In any ... criminal ... proceeding in which the court has heretofore been vested with the power, jurisdiction and authority to alter, modify, suspend, reinstate, terminate, amend or rescind, any order, decree, judgment or sentence ... the court in addition ..., shall hereafter have the same power, jurisdiction and authority to alter, modify, suspend, reinstate, terminate, amend or rescind, the order, decree, judgment of sentence for a period of thirty days subsequent to the date of entering of record the order, decree, judgment or sentence.... Provided, that all parties in interest including the district attorney in criminal cases, are notified in advance of such proposed alteration, modification, suspension, reinstatement, termination, amendment or rescission.

promote orderly appellate litigation and foster judicial economy by giving trial courts the opportunity to correct their erroneous rulings.

Moreover, how can the matter be "closed" when the Commonwealth had the right to directly appeal the denial of the petition for extension? *See Commonwealth v. Murray*, 263 Pa.Super.Ct. 496, 398 A.2d 686 (1979). Had the Commonwealth exercised that procedure in the first place and the Superior Court reversed the lower court on appeal (which it would have done given its recomputation of the run date to October 9th, thus rendering the petition for extension timely), there is no question that the case would have been remanded and would have proceeded as if the petition had been granted originally. The Superior Court's ruling would deprive the lower court of the opportunity to correct its own erroneous rulings (here it was an erroneous computation of time) and thereby force the Commonwealth to resort to the time consuming appellate process to obtain correction of the error. Thus, the concern of the Superior Court—the "interminable" extension of the proceedings—is heightened by their dubious and unfounded distinction between the grant of a petition for an extension of time at the outset and the grant of such petition following reconsideration of the original denial.

If a petition for reconsideration is to have any legal efficacy in the context of Rule 1100, a grant of a petition for reconsideration after the Rule 1100 run date must relate back to the date the petition for extension of time is filed.

The judgment of the Superior Court is reversed, and the judgments of sentence are reinstated. The case is remanded to the Superior Court for disposition of those issues preserved by appellee's original appeal but not decided by the Superior Court.

ROBERTS, J., filed a dissenting opinion.

This statute was repealed by Act of April 28, 1978, P.L. 202, No. 53 § 2(a) [1329]. 42 Pa.C.S.A. § 20002(a) [1329], and has been substantially reenacted by the Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S.A. § 5505.

**514**

ROBERTS, Justice, dissenting.

I dissent. Appellee was not brought to trial until 300 days after the commencement of proceedings against him, 120 days beyond the time permitted under Pa.R.Crim.Proc. 1100(a)(2). The Commonwealth has utterly failed to justify the period of delay of nearly eighty days during which its petition for reconsideration of the denial of its request for an extension was pending. It is axiomatic that, absent a stay or an express statute, a petition for reconsideration in no respect relieves the party seeking further review from proceeding within the allotted time. Cf. *Commonwealth v. O'Shea*, 465 Pa. 491, 350 A.2d 872 (1976) (Commonwealth failure to seek extension while appeal pending constituted inexcusable delay). Appellee, therefore, was properly granted relief, and the order of the Superior Court so holding must be affirmed.