442 A.2d 1163

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Gary LONG.**

Superior Court of Pennsylvania.

Argued Feb. 2, 1981.

Filed March 12, 1982.

Petition for Allowance of Appeal Denied
Sept. 10, 1982.

502

Sarah B. Vandenbraak, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Edward Reif, Philadelphia, for appellee.

Before WICKERSHAM, POPOVICH and WATKINS, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Philadelphia County, Criminal Division, and involves a Commonwealth appeal from an order of the court below which denied the Commonwealth's petition seeking to extend the time in which to bring the defendant to trial.

The defendant was arrested on November 1, 1979 when Philadelphia police officers executed a search warrant at defendant's home and seized over 10,000 quaaludes. The defendant was charged with manufacturing, possession with intent to deliver and knowing possession of a controlled substance in violation of *35 Pa.C.S.A. 780–113.* He was preliminarily arraigned on the same date. His case was assigned to Philadelphia's Municipal Court.

The defendant's trial was listed for December 24, 1979. On that date defendant's counsel, who had just entered his appearance, requested a continuance of the case because he was unprepared. The case was continued until February 8, 1980, a period of 45 days.

On February 8, 1980, the defendant's counsel was unavailable and the defendant waived his rights under *Pa.R.Crim. Pro. 6013* which rule provides that a defendant who is to be tried in a municipal court must be tried within 120 days of his preliminary arraignment. *Pa.R.Crim.Pro. 6013(a)(2).* On February 8, 1980 defendant waived his Rule 6013 rights from that date until the next listing of the case on March 5, 1980. It is uncontested that this 26 day delay period is chargeable solely to the defendant.

At the March 5, 1980 listing defendant's oral motion to suppress the physical evidence obtained pursuant to the search warrant was heard by the Municipal Court Judge. On April 2, 1980 the judge granted the defendant's suppression motion. On the same day the Commonwealth filed a petition to extend the time in which to bring the defendant to trial pursuant to *Rule 6013(c).* On April 17, 1980 the Commonwealth appealed the Municipal Court's suppression order to the Court of Common Pleas. On May 7, 1980 the Court of Common Pleas heard both the *Rule 6013(c)* petition

and the appeal from the suppression order. On that date the court below reversed the Municipal Court's decision pertaining to the suppression order but also denied the Commonwealth's petition to extend the time in which to bring the defendant to trial. The court held that the Commonwealth's petition to extend the time was not timely filed.

On May 12, 1980 the Commonwealth filed a Petition for Reconsideration of the court's decision which denied its *Rule 6013* petition. On May 21, 1980, the court below denied the Commonwealth's reconsideration request. On June 5, 1980 the Commonwealth filed its Notice of Appeal with the Superior Court. On October 7, 1980 the court below filed its opinion which held that the Commonwealth's petition to extend the time was timely filed but that the Commonwealth failed to exercise due diligence in attempting to bring the defendant to trial.

■ The defendant having been preliminarily arraigned on November 1, 1979, the original time in which to bring him to trial expired on February 29, 1980. The defendant does not contest the delay between February 8, 1980 and March 5, 1980 as he admits that it was due to the unavailability of his counsel. Adding 26 days to February 29, 1980 yields a new "run date" of March 26, 1980. The defendant argues, however, that the entire period between December 24, 1980 and February 8, 1980 is to be charged to the Commonwealth. *Rule 6013(d)(2)* provides that the first 30 days of any continuance requested by defendant's counsel is chargeable to the Commonwealth. The Commonwealth argues, however, that the 15 additional days of the original 45 day continuance is chargeable to the defendant since it was his attorney who requested the continuance. The defendant argues that the additional 15 days in excess of the 30 days (which 30 days are admittedly charged to the Commonwealth) is to be charged to the Commonwealth since in his request for a continuance the defendant's counsel did not mark the specific number of days for the continuance that he was requesting on the appropriate form and that the court administrator re-scheduled the case for February 8, 1980. If the

additional 15 days are attributable to the Commonwealth then the new "run date" was March 26, 1980 and the Commonwealth's Petition to Extend, filed as it was on April 2, 1980, was untimely.

In its October 7, 1980 Opinion, the court below held that the Commonwealth was entitled to exclude 41 days from the "run time". This includes the uncontested 26 day period and the additional 15 day period. Thus, the new "run date" was April 10, 1980 and the Commonwealth's Petition to Extend, filed on April 2, 1980, was timely. We agree. It was the defendant who requested the continuance on December 24, 1979 and the court granted the 45 day extension. *Pa.R. Crim.Pro. 6013(d)(2)* provides that "any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney", is excluded from the "run time" of the rule, "provided that only the period beyond the thirtieth (30th) day shall be so excluded". The defendant requested the continuance on December 24, 1979. He did not specify the amount of time he requested for the continuance. The court granted a 45 day continuance. Thus, pursuant to Rule 6013(d)(2) the additional 15 days beyond the 30th day are attributable to the defendant. Thus, the Commonwealth was entitled to a new "run date" 161 days after the preliminary arraignment. The new "run date" was April 10, 1980 and the Commonwealth's petition, filed on April 2, 1980, was timely.

The defendant argues that the Commonwealth's appeal should not be heard because the Commonwealth did not appeal the May 7, 1980 decision which denied its Petition to Extend the time in which to try the defendant. The defendant argues that the Commonwealth has only appealed the lower court's May 21, 1980 order which denied its request for reconsideration of the May 7, 1980 order. The defendant argues that the Commonwealth is attempting to extend its appeal period by filing for reconsideration of the May 7, 1980 order and cites *Commonwealth v. Demby,* 264 Pa.Superior Ct. 438, 400 A.2d 165 (1979) and *Commonwealth v. Thomas,* 266 Pa.Superior Ct. 381, 404 A.2d 1340 (1979) in support of its contention. However, our Supreme Court

recently reversed the holding in *Commonwealth v. Demby*, supra, and held that a lower court may reconsider its previous ruling with regard to a grant or denial of a petition to dismiss filed pursuant to Rule 1100. *Commonwealth v. Demby*, 496 Pa. 509, 437 A.2d 1156 (1981). In its decision, the Supreme Court held that "If a petition for reconsideration is to have any legal efficacy in the context of Rule 1100, a grant of a petition for reconsideration after the Rule 1100 run date must relate back to the date the petition for extension of time is filed." Thus, we hold that the court below did not err when it granted the Commonwealth's request for reconsideration of its Rule 1100 petition.

■ The ultimate question in our case was whether the Commonwealth failed to exercise due diligence in bringing the defendant to trial. After the Municipal Court judge suppressed the Commonwealth's evidence, the Commonwealth took a timely appeal of that issue to the Common Pleas Court. (The decision to suppress the evidence was rendered on April 2, 1980 and the Commonwealth appealed the decision on April 17, 1980). The court below held that the 15 day delay between the suppression order and the Commonwealth's appeal constituted a lack of "due diligence" on the part of the Commonwealth. We do not agree. *Pa.Rules Crim.Pro. 6005(c)* provides that the Commonwealth has 30 days in which to appeal an adverse pre-trial ruling from the Municipal Court to the Court of Common Pleas. At the time that the Commonwealth took its appeal in our case the permissible time period for the appeal was 15 days. The decision as to whether to appeal an adverse pre-trial ruling involves complex factual, legal and policy determinations. Where the Commonwealth appeals an adverse pre-trial ruling within the time established by the applicable rule we will not hold that it lacked "due diligence" in prosecuting the case. In the instant case the Commonwealth's successful appeal of the suppression order may well have resulted in a delay of the proceedings. It did not, however, constitute action which was not consonant with due diligence. See *Commonwealth v. Romberger*, 490 Pa. 258, 416 A.2d 458 (1980).

■ The court below also found that the Commonwealth failed to exercise "due diligence" in bringing the defendant to trial because defendant's attorney requested a copy of the search warrant on December 24, 1979, the date for which defendant's first trial was listed and the Commonwealth did not provide him with the search warrant until 45 days had elapsed. However, any delay in providing defendant's counsel with a copy of the search warrant did not affect the promptness of the defendant's trial since the reason for defendant's request for a continuance on February 8, 1980 was defendant's counsel's availability. We agree that the Commonwealth's 45 day delay in providing defendant's counsel with the search warrant was unwarranted. However, because said delay was unrelated to the Commonwealth's ability to try the defendant before the new "run date" we hold that it is not a reason to charge the Commonwealth with additional time pursuant to Rule 6013 computations. This is so because the delay occurred during a defense requested continuance and had no impact on the rescheduling of defendant's trial nor the ultimate suppression date. We hold that the court below erred when it dismissed the case against the defendant.

Order reversed and record remanded for trial.