448 A.2d 634

**ATLANTIC RICHFIELD COMPANY, Appellant,**

v.

**J. J. WHITE, INC., Charles Davis, Chromalox Comfort Conditioning Division of Emerson Electric Co., and Riggs Distler & Co., Inc. and Continental-Emsco Company, a Division of the Youngstown Sheet & Tube Company and Fisher Tank Company and Brands Insulations.**

Superior Court of Pennsylvania.

Argued March 10, 1982.

Filed July 23, 1982.

Elizabeth M. Iannelli, Philadelphia, for appellant.

Manfred Farber, Philadelphia, for White, appellee.

Edward T. Connelly, Philadelphia, for Continental-Emsco, appellee.

Before WICKERSHAM, CIRILLO and LIPEZ, JJ.

PER CURIAM:

This is an appeal from an order dated December 12, 1980 which dismissed preliminary objections and allowed an immediate appeal because the lower court believed that the order involved a substantial ground for difference of opinion and that such immediate appeal would materially advance the ultimate termination of the matter. We quash the instant appeal because a subsequent order of the lower court vacated the order appealed from.

Procedurally, appellee Charles Davis filed a complaint in trespass on July 3, 1980 against appellee J. J. White, Inc. (hereinafter White) alleging that he had been seriously injured while working for appellant Atlantic Richfield Company (hereinafter ARCO) by an improperly designed and maintained loading arm manufactured by White. On July 31, 1980, White joined ARCO as a co-defendant. ARCO then filed preliminary objections in the form of a demurrer alleging that Davis was an ARCO employee at the time of his injury and that the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 1 *et seq.*, barred ARCO's joinder as a party. ARCO's preliminary objections were overruled by Judge James T. McDermott in an order dated November 13, 1980, however, Judge McDermott entered an amended order, dated December 12, 1980 which, while still overruling ARCO's prelimi-

nary objections, certified the matter for interlocutory appeal. On December 22, 1980, White filed a petition for a rule to show cause why the amended order of December 12, 1980 permitting appeal should not be vacated. Oral argument was heard on the matter in the lower court and on February 19, 1981, Judge McDermott vacated his amended order permitting interlocutory appeal, thus leaving the original order of November 13, 1980 in effect. On July 21, 1981 the superior court granted ARCO's petition to appeal and directed that, in addition to the substantive issues raised by ARCO, the issue of the vacated order of February 19, 1981 should also be briefed by the parties.

Instantly, after ARCO's preliminary objections were overruled in Judge McDermott's order of November 13, 1980, ARCO's counsel communicated with employees of the lower court in an effort to have Judge McDermott certify that his order involved a controlling question of law and that an interlocutory appeal should be allowed. Reproduced Record at 99a. In the order dated December 12, 1980, Judge McDermott did certify the matter for interlocutory appeal. After receiving the amended order permitting interlocutory appeal, appellee Emsco filed a brief opposing the amended order with the lower court. Appellee White also sought to have the amended order permitting interlocutory appeal vacated. On February 19, 1981, after oral argument and supplemental briefing, Judge McDermott vacated the amended order of December 12, 1980, thereby rescinding the previously granted permission for interlocutory appeal.

■■■ Appellant ARCO frames its issue concerning the appealability of the instant matter as follows:

Whether the Order of the Judge of the Court of Common Pleas of Philadelphia County dated February 19, 1981 is void because it was issued seventy-seven (77) days after the Petition for Permission to Appeal had been perfected to the Superior Court?

Brief for Appellant at 2.

42 Pa.C.S. § 702(c), pertaining to interlocutory orders, states that:

> Except as otherwise prescribed by general rules, a petition for permission to appeal under this section shall not stay the proceedings before the lower court or other government unit, unless the lower court or other government unit or the appellate court or a judge thereof shall so order.

While Pa.R.A.P. 1701 restricts a lower court from proceeding further in a matter once an appeal has been taken or a petition for allowance of appeal is filed, we note that the instant interlocutory appeal has been brought before our court by ARCO's petition for permission to appeal. Chapter 13 of the Pennsylvania Rules of Appellate Procedure, sets forth the rules pertaining to interlocutory appeals by permission. Pa.R.A.P. 1313 provides that "[a] petition for permission to appeal shall not stay the proceedings before the lower court . . . unless the lower court . . . or the appellate court or a judge thereof shall so order." Here, no stay order was issued by any court. Judge McDermott was, therefore, free to vacate the amended order permitting the interlocutory appeal. A court has the inherent power to reconsider its own rulings. *Commonwealth v. Demby*, 496 Pa. 509, 437 A.2d 1156 (1981).

White and Emsco were not heard by the lower court in opposition to ARCO's request for an amended order certifying the matter for interlocutory appeal until after the amended order had been filed. After oral argument and briefing, however, Judge McDermott vacated his amended order and, effectively, refused to certify the matter for interlocutory appeal. Justice requires that we support Judge McDermott's vacation of the amended order as that action was based on the arguments and briefs of all involved parties rather than on an *ex parte* request.

ARCO argues that the lower court was without jurisdiction to vacate its order of December 12, 1980 with its subsequent order of February 19, 1981 as more than thirty days had passed since ARCO's petition for permission to appeal had been perfected. Brief for Appellant at 20. In support of this position, ARCO cites 42 Pa.C.S. § 5505 which provides:

Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

In *Commonwealth v. Bowden*, 456 Pa. 278, 309 A.2d 714 (1973), the supreme court declared that the thirty day time limit on the modification of orders, contained in the Act of June 1, 1959, P.L. 342, No. 70, § 1, 12 P.S. § 1032, substantially re-enacted as 42 Pa.C.S. § 5505, was inapplicable to interlocutory orders. The interlocutory order appealed from instantly could, therefore, properly be vacated by the lower court beyond thirty days after its entry. ARCO has, accordingly, appealed from a non-existent order.[1]

Appeal quashed.

---

1. The comment to Pa.R.A.P. 1311 states that where a lower court refuses to amend its order to include the prescribed statement certifying the matter for interlocutory appeal, a petition for review of the unappealable order of denial, pursuant to Chapter 15 of the Pennsylvania Rules of Appellate Procedure, is the proper mode of determining whether the case is so egregious as to justify prerogative appellate correction of the exercise of discretion by the lower court.